THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION
v. CARRIE E. ANDERSON.

No. 136.

1. LIFE INSURANCE,—MISSTATEMENTS IN PROOF — *not conclusive unless reliance upon, has prejudiced insurer's defense.* While it has been held that misstatements in proofs of death are conclusive of the facts therein contained as against the claimant, unless before the trial the insurer has been furnished with a corrected statement, the strictness of this rule has been relaxed so that it now only applies where the insurer has been prejudiced in his defense by relying on the statements contained in the proof.

2. ———— *action not barred by misstatements in proof of death.* And while the disclosure in a proof of facts of which a defendant might avail himself as a defense to the action, might suggest to the company the propriety of refusing payment, it would be no bar to the bringing of a suit.

3. ————*unless causative connection with injury shown, violation of clause against exposure to unnecessary danger not a defense.* It is not enough, to defeat liability under a clause in an insurance policy "that this policy does not cover death occasioned directly or indirectly by voluntary exposure to unnecessary dan-

ger," to show that the insured had violated the conditions of the policy with respect to some sort of unnecessary danger; but it must also be shown that such violation had a causative connection with the injury.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed December 29, 1896. *Affirmed.*

This was an action on an accident policy issued by The Employers' Liability Assurance Corporation, Limited, the plaintiff in error, insuring Merrill D. Anderson for the benefit of his wife, the defendant in error. The jury returned a general verdict for the plaintiff below and answered a number of special questions. A new trial was refused the defendant, and judgment was entered on the verdict; and the defendant below brought this proceeding in the Supreme Court to reverse that judgment. The record was certified to the Court of Appeals among the cases originally certified under the act of 1895.

The policy sued upon contained stipulations that it should not cover injuries of which there was "no visible mark upon the body," nor insure against death occasioned through "voluntary exposure to unnecessary danger," nor by "intentional injuries inflicted by insured . . . or by any other person," but should cover only death caused by violent, external and accidental means. The petition alleged the death of the insured, and due notice and due proofs thereof; and stated that, so far as known to the plaintiff, the manner of death was as follows:

"That in walking to or from the bridge between the towns of Argentine and Armourdale, in said county and state, in the night time, between August 6 and August 7, and after the hour of ten o'clock P. M. of August 6, and before five o'clock A. M. of August 7,

he, the said Merrill D. Anderson, stumbled or fell into a hole at the east or south end of said bridge, and by the fall thereof was rendered and made unconscious, through blows received on the head and body occasioned solely and only by such fall, and that his head and body became and were in such a condition in said hole that he, the said Merrill D. Anderson, suffocated to death, while there unconscious from such fall; that the outward and visible marks upon his head and body, and the position of said body in said hole, disclosed said facts, which are all the facts which are known to plaintiff.''

The answer, besides denying generally the allegations of the petition, averred that the death of the insured was occasioned by ''intentional injuries'' inflicted upon him ''by some other person;'' that there were ''no visible marks upon the body except marks upon the neck showing strangulation,'' and that his death had resulted ''from his voluntary exposure to unnecessary danger;'' which averments the reply denied.

The evidence showed that, as proofs of death, the defendant in error had furnished the plaintiff in error with an affidavit of the coroner of Wyandotte County, stating that he had conducted an inquest over the body, and that, from the evidence adduced at the inquest and observation and examination of the body, it was his opinion that the insured ''came to his death from violence inflicted upon his person by parties at present unknown, and that the immediate cause of death was a condition of the lungs known as emphysema, and that this condition was caused by suffocation, violently employed;'' a copy of the verdict of the coroner's jury, finding that the insured ''came to his death from injuries inflicted upon his person by persons unknown to the jury,'' and her own affidavit, which recited: ''Merrill D. Anderson, *who*

*was murdered* on or about the sixth day of August, 1889, at Argentine, Kansas, was at that time my husband," etc., but did not otherwise indicate the manner of death.   Afterwards, within the time limited by the policy for furnishing proofs, other proofs, showing that the death was due to accident — not to intentional injuries — were sent the plaintiff in error, but the evidence did not show whether these were actually received within the limitation.

From testimony on the trial it appeared that the insured, the night he was killed, went to the depot to meet a lady, who was coming to his house, and that his wife sought to dissuade him because she considered the journey dangerous.   Why she considered it dangerous was not disclosed, unless it was indicated by the fact that he carried a razor and replied to her pleadings :  " If anybody attacks me, I have a razor to defend myself."   Upon this evidence the plaintiff in error requested the court to submit to the jury, by interrogatory and instruction, the question whether the insured's death was occasioned by voluntary exposure to unnecessary danger.   The court refused ; but answers to other special questions submitted showed that the insured's death was accidental, and not the result of violence inflicted by any person.

An hypothetical question put to a physician, as to what would be the effect if one should fall into a hole or ditch from three to three and a half feet deep, was objected to ; and it was urged here that the court erred in permitting the question to be answered because the evidence showed that the hole or ditch was only from two to three feet deep.   The plaintiff in error requested instructions affirming the propositions that the original proofs of death were conclusive, and, as they showed that the insured came to his death by intentional injuries inflicted upon him, the plaintiff

22   EMPLOYERS' ETC. CORPORATION v. ANDERSON.

N. Dept.        Opinion.   Gilkeson, P. J.      5 Kan. App.

could not recover ; and that, if the original proofs were not conclusive, they were *prima facie* evidence of non-liability and precluded recovery unless overcome by evidence of facts subsequently discovered ; but the court refused the instructions.  On cross-examination the plaintiff was asked whether, in her affidavit accompanying the original proofs of death, she had not stated that her husband was murdered.  The court sustained an objection to this question ; but the affidavit itself was in evidence.  The court permitted the plaintiff to explain her affidavit by stating that she did not read it and that she did not think it was read to her. Some additional facts are noticed in the opinion.

*Lathrop, Morrow, Fox & Moore*, for plaintiff in error.

*C. N. Sterry*, for defendant in error. . *Geo. Morgan*, of counsel.

GILKESON, P. J.  The plaintiff in error contends that, as they disclose the fact that Anderson was murdered, the first proofs of loss show no liability under the policy ; and that those proofs are conclusive, and the defendant in error is estopped from denying the truth of the statements therein contained, unless there is a showing made of mistake in making the proofs or of the discovery of new facts brought to light since the proofs were made.  Conceding that the plaintiff's affidavit, which constituted part of the proofs in question, is as strong as it is claimed to be, we still do not think it bars her recovery when an entirely different state of facts has been shown.

1. Insurer's defense not prejudiced, misstatements in proof not conclusive.

It has been held that misstatements in proofs are conclusive evidence of the facts therein stated ; but we think the rule is as laid down in Cook on Life Insurance, p. 218 :

"It has been held that they [misstatements] are

conclusive evidence of such facts, as against the claimant, unless before the trial he has furnished the insurer a corrected statement; but the tendency of more recent decisions has been to relax the strictness of this rule, and the better opinion would seem to be that the rule applies only to where the insurer has been prejudiced in his defense by relying on the statements contained in the proofs.''

Again, in May on Insurance, 3d ed., § 465, it is said :

"Although the statements in them [the proofs] will be taken against the insured as admissions against interest, he may show that the statements themselves were without foundation, and inadvertently made."

We cannot see how the plaintiff in error was prejudiced by the statements in the first proofs. It admits, in its correspondence with the plaintiff's attorney, that it "had inspected the spot, and made inquiries in the neighborhood;" and it was shown that its attorney and surgeon were at the inquest; that it received other proofs before the trial and examined them; and that, upon its information, its opinion was in accordance with that expressed in the verdict of the coroner's jury; and for these reasons, not on account of any statements made in the proofs, it denied liability. Then, the affidavit of Mrs. Anderson, when taken in connection with the other portions of these proofs, shows conclusively, we think, that it was made on the faith of the result of the inquest, not from actual knowledge. See *Bachmeyer v. Association,* 82 Wis. 255; 52 N. W. Rep. 100; affirmed, 87 Wis. 325; 58 N. W. Rep. 399.

"If the proofs also disclose facts of which the defendant could avail itself as a defense to an action on the policy, this would not derogate from the sufficiency

24 EMPLOYERS' ETC. CORPORATION V. ANDERSON.

N. Dept.      Opinion. Gilkeson, P. J.      5 Kan. App.

**2. Misstatements no bar to action.** of the proofs as proofs of death. But, whilst the disclosure of such facts might suggest to the company the propriety of refusing payment and standing a suit, it would be no bar to the bringing of a suit. Otherwise, no suit could ever be brought until the parties had gone through an extrajudicial investigation, resulting favorably to the assured." *Insurance Co. v. Rodel*, 95 U. S. 237.

We think the testimony also shows that the first proof was inadvertently made. The company did not show that this case came within this exception, and we think the burden of proof as to this is upon it. That this death was the result of a pure accident, we think is clearly established, and with sufficient positiveness to overcome the *prima facie* case made by the first proof, if any such case was made. Among the reasons for so thinking is the admission of the plaintiff in error as to the facts in this case : "It is simply and solely a case where a man is walking along a highway, or standing upon it, and, without any known or explainable cause, falls headlong into a hole or gully."

The next proposition urged in the brief of the plaintiff in error is : "The court erred in refusing to submit to the jury the question as to whether or not the insured met his death, occasioned directly or indirectly, or while engaged in a voluntary exposure to unnecessary danger." The jury found, with reference to this, that it was about ten o'clock at night when the insured started to Kansas City ; that his wife, regarding the trip as dangerous, tried to dissuade him ; that it was dangerous, and that he knew it was ; that he went voluntarily ; that it was necessary for him to go, and that he took a razor with him for self-defense.

While these findings are apparently inconsistent,

we think they can be reconciled, and, taken with the other findings in the case, do not show or find that the death of Anderson was caused directly or indirectly while engaged in a voluntary exposure to unnecessary danger. The plaintiff in error lays great stress upon the fact that the deceased took with him a razor for self-defense, thereby admitting that he knew the trip was dangerous; but, under the facts of this case and the findings of the jury, does this make any difference? We think not. The danger admitted by these acts was of a specific kind; that it was dangerous by reason of meeting with personal encounters — not that it was dangerous on account of the condition of the roads or streets — and his razor was taken as a precaution against this danger. If the jury had found that he came to his death by reason of injuries occasioned by the violence of others, or from any kindred cause, this would be a strong circumstance against plaintiff's recovery; but the jury did not so find. On the contrary, the findings are that he came to his death from an entirely different cause; and there is not one particle of testimony to show that the trip was in fact dangerous, or that it was considered dangerous by anyone, or in what respect it was dangerous, except the request of his wife that he would not go on account of her fears or belief, and the act of the deceased in taking a razor.

We think, to avoid a policy for this reason, there must be an unnecessary risk taken of some known danger, and this known danger must, of itself, be the actual cause of the death or injury.

**3. Danger must have causative connection with injury.**

"It is not enough to defeat liability to show that the assured violated the conditions of the policy in these respects, but it must also be shown that such violation had a causative connection with the injury."

*Jones v. U. S. Mut. Acc. Ass'n,* 92 Iowa, 652; 61 N. W. Rep. 485; *Bradley v. Insurance Co.,* 45 N. Y. 422; *Bloom v. Insurance Co.,* 97 Ind. 478; *Griffin v. Association,* 20 Neb. 620; *Murray v. Insurance Co.,* 96 N. Y. 614; *Insurance Co. v. Burnett,* 90 Tenn. 256; 16 S. W. Rep. 723; *Mfg. Acc. Indem. Co. v. Dorgan,* 7 C. C. App. 581; *Eq. A. I. Co. v. Osborn,* 90 Ala. 201; 9 So. Rep. 860; *Miller v. Am. Mut. A. I. Co.,* 92 Tenn. 167; 21 S. W. Rep. 43; *Collins v. Bankers A. I. Co.,* 64 N. W. Rep. 778; *DeLoy v. Insurance Co.,* 171 Pa. St. 1; 32 Atl. Rep. 1108.

The hypothetical question put to Dr. C. L. Burk may be objectionable, but it is not sufficiently so to cause a reversal of this case.

It is claimed that the court erred in refusing certain instructions; but we think the court fully and ably declared the law in this case in the instructions given.

One other proposition we will consider. It is, that the last proof of loss was not received within the seven months. This has not been urged with much force. The theory upon which the trial proceeded in the court below totally ignored it as a defense. We think, however, that the court was justified in giving the instruction it did with reference thereto. The correspondence with the company shows absolutely that it did not deem it a defense.

In the other objections urged we see no error.

The judgment will be affirmed.