## Koons *v.* Koons.    Evans's Appeal.

*Equity—Petition to set aside decree.*

A bill in equity by a decedent's executors against his widow relating to certain notes, etc., claimed by her as a gift, was dismissed. A petition having been filed by a creditor to strike off the decree, and the petitioner failing to show the insolvency of decedent at the time of the gift to the wife, and the master finding that two of his counsel had notice of the proceedings before the decree was made, the petition was dismissed by the court below, and this decree affirmed by this court.

Argued April 12, 1892. Appeal, No. 15, Jan. T., 1892, by Benjamin Evans, administrator of the estate of Isaac L. Cryder, deceased, from decree of C. P. Luzerne Co., dismissing petition of appellant to have stricken off decree entered in suit of B. D. Koons and James Post, executors of William Koons, deceased, v. Susan L. Koons, May T., 1886, No. 2, in equity. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM and MITCHELL, JJ.

From the record, it appeared that the above named executors of William Koons, deceased, had filed a petition in the orphans' court, asking for an injunction to restrain Susan L. Koons, his widow, from disposing of certain promissory notes,

etc., in her possession, but alleged to belong to the estate.    This petition having been dismissed by the orphans' court, a bill in equity for the same purpose was filed by the executors in the court of common pleas.    An answer was filed by the defendant and the case referred to G. L. Halsey as master and examiner, who reported that the decedent had given the notes, etc., to his wife in his lifetime; and the court dismissed the bill. Within a week thereafter, appellant filed a petition in this last case, setting out that he was a creditor of the estate of William Koons, deceased, and that the executors had neglected to bring evidence before the master of the insolvency of decedent at the time of his death and his consequent inability to make any gifts to his wife, and asking that the decree dismissing the bill be stricken off and the case reopened, so that appellant might be able to produce such evidence and intervene as a creditor. The court referred the application to the above named master, who reported that there was no testimony of an exact nature as to the alleged insolvency of William Koons, at the time of the gift to his wife, on October 29, 1885; and that the death of William Koonz occurred on the 14th of December, 1885. He also reported that the appellant had no exact personal notice of the pendency of the proceedings in equity; but that one of his counsel had notice at the very commencement of the proceedings, and another of his counsel had notice after the testimony had been closed and before the report was made up.    The court dismissed the petition, without prejudice to any other right or remedy the petitioner might have.

*Errors assigned* were, (1) not finding that there was sufficient evidence of testator's insolvency at the time of the alleged gift; (2) finding that there was sufficient notice to creditors of the closing of the proceedings; (3) not striking off decree dismissing bill.

*Gustav Hahn, M. E. Walker* and *Charles B. Jackson* with him, for appellant.

*Lemuel Amerman,* for appellee.

PER CURIAM, April 25, 1892:

The decree is affirmed, and the appeal dismissed at the costs of the appellant.