———o———

## No. 4498.

### (Court of Appeal, Parish of Orleans.)

## MRS. SALOME ACKER VS. MRS. ELIZABETH BOURGEOIS, WIFE OF L. J. BOURGEOIS.

1. The only difference between a mortgage loan contracted by a married woman under authority of the Court in conformity with Art. 126, 127 and 128, R. C. C., and a mortgage loan contracted with the authorization of the husband alone, is that, in the former, the Judge's certificate is conclusive proof that the money has inured to the benefit of the wife's separate estate, whereas, in the latter, the lender carries the burden of proving, whenever so required, that the wife's separate estate was benefited.

2. This burden rests not only upon the lender or original mortgagee,

but upon any subsequent holder of the mortgage note evidencing the loan.

3. It is not sufficient for such holder to show that the money for the note went into the wife's hands; he must further show that she used it for her separate benefit.

Appeal from Civil District Court, Division E.

J. B. Rosser, Jr., for Plaintiff and Appellant.

Stafford, Lambert & Robinson, Dinkelspiel, Hart & Davey, for Defendant and Appellee.

DUFOUR, J. This cause comes to us with an opinion which states the facts and the law applicable thereto so clearly and forcibly that we reproduce it in its entirety.

"Plaintiff having foreclosed upon a note of One Thousand Dollars, secured by mortgage on defendant's separate property, the latter obtained an injunction against the executory process on the grounds, substantially, that she made a pretended sale for cash of said property to Loys Charbonnet by act before Wynne G. Rogers, notary public, on July 17, 1903; that she received no consideration for said sale, which was simulated; that immediately thereafter, at the same hour, said property was resold to her on terms of credit by Loys Charbonnet by act before the same notary; that said pretended sale and resale, to the knowledge of plaintiff, were intended to effect a mortgage on her separate property; that the note secured by said mortgage was to be immediately taken up by plaintiff, and the cash obtained therefor was to be used in paying the debts of defendant's husband; that said mortgage was disguised as a sale in contravention of the law of Louisiana, which require a married woman to be authorized by a judge to mortgage her property; that for want of such authorization, said mortgage is null and void; that she executed said mortgage in error of fact and of law; that it was without consideration to her, and in fraud of her paraphernal property; that she received no portion of the pretended purchase price, which was turned over in its entirety to her husband for his sole use and benefit; all to the knowledge of plaintiff.

Plaintiff ruled defendant to show cause why the writ of injunction should not be set aside, for the reasons: First, that the allegations of her petition are false and untrue; and, second, that

271

she failed to furnish bond with solvent security, as required by law.

Upon the trial of the rule, it was agreed in open court that it should be considered as an answer, and the cause heard upon the merits.

The ground relative to the failure to furnish bond was abandoned. It had already, in effect, been waived by the joinder of issue.

The doctrine, relied on by Mrs. Acker, that "when a married woman, separate in property, sells by authentic act her paraphernal property, although the sale is a disguised mortgage for the benefit of her husband, yet if the notes given for the purchase price fall into the hands of innocent third parties, the vendor's lien and special mortgage securing the notes will be enforced," finds no application here. This is not the case of an apparently genuine sale by a married woman of her paraphernal property, and the acquisition by an innocent third person of the mortgage note representing the purchase price. The pretended acts of sale by Mrs. Bourgeois to Charbonnet, and by Charbonnet back to Mrs. Bourgeois, executed on the same day, conveyed on their face full notice to the world that they were nothing more than a disguised mortgage by Mrs. Bourgeois of her separate property with the sole authorization of her husband, and without authorization of the Court. Terry vs. Gilkerson, 50 A. 1040.

The latter authorization, however, was not necessary to the validity of the mortgage. A married woman can, with the authorization of her husband, hypothecate her paraphernal property to secure a loan made for her separate benefit. C. C. Art. 122.

The only difference between a mortgage loan contracted under authority of the Court in conformity with Articles 126, 127 and 128 of the Civil Code, and a mortgage loan contracted with the authorization of the husband alone, is that in the former the judge's certificate is conclusive proof that the money has enured to the benefit of the wife's separate estate, whereas in the latter the lender carries the burden of proving, whenever so required, that the wife's separate estate was benefited. Teutonia Loan and Building Co. vs. Cronan, 115 La. This burden rests not only upon the lender or original mortgagee, but upon any holder of the mortgage note evidencing the loan, howsoever remote from

him. Lester vs. Sheriff, 46 A. 340. It is not enough to show that the money for the note went into the wife's hands; it must be proved additionally that she used it for her separate benefit.

Henry vs. Gautthereaux, 32 A. 1108; Urquhart vs. Thomas, 24 A. 95; Calhoun vs. Bank, 30 A., 772; Teutonia Co. vs. Cronan, *ubi supra.*

Mrs. Acker, who is before the Court in the attitude of holder of the note of a married woman, secured by mortgage on her paraphernal property, without authorization from the Court, has failed to make the requisite proof. The testimony of Mr. Charbonnet, to the effect that he paid over to Mrs. Bourgeois in person the thousand dollars received from Mrs. Acker for the note, is flatly contradicted by Mrs. Bourgeois. If I accept as true the testimony of Mr. Charbonnet, a member of the bar, with whom I have a pleasant personal acquaintance, as against that of Mrs. Bourgeois, a stranger to me, but who testified with apparent sincerity, still the fact remains that no proof was introduced to show what disposition she made of the money other than to give it to her husband, a declared bankrupt. That is fatal to Mrs. Acker's pretensions.

"Let judgment be entered perpetuating the writ of injunction herein issued, with costs, and ordering the erasure and cancellation from the public records of the inscription of the one thousand dollars mortgage upon the paraphernal property of plaintiff in injunction as per act of sale from Loys Charbonnet to Mrs. L. J. Bourgeois, passed before Wynne G. Rogers, Notary Public, on July 17th, 1903.

(Signed)    GEO. H. THEARD, Judge.

New Orleans, April 1st, 1908.

In this court, appellant's attorney refers us to the case of Colgin vs. Courrege, 106 La., as sustaining his position.

An analysis of that decision will show that it is authority against him.

The Court said: "It may be conceded that the original act of transfer of the property involved in this litigation from Mrs. Colgin to Courrege and the retransfer to her on the same day before the same Notary, under reservation of a special mortgage and vendor's privilege by Courrege, were in fact nothing more than a plan by and through which the paraphernal property of the wife was mortgaged to secure a debt due by the husband."

273

The Court then refers to a *sala subsequently* made by Mrs. Colgin to Courrege with the authorization of her husband, and holds that "a subsequent sale of the property by the vendee to a third party acting in good faith on the faith of the public records" is valid.

The case merely reiterates anterior ruling as to both sales and mortgages by married women, and does not effect the correctness of the views announced by the district judge. Affirmed.

Moore, J., dissents.

June 15, 1908.

Rehearing refused June 30, 1908. ,

Writ denied by Supreme Court Aug. 18, 1908.