STANDARD LIFE INS. CO. OF THE SOUTH *v.* ADAMS.

(*Nashville*, December Term, 1938.)

Opinion filed April 1, 1939.

WALKER & HOOKER and WM. C. SUGG, all of Nashville, for plaintiff in error.

R. B. JACKSON, of Shelbyville, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The judgment in this case was affirmed at a former day of the term upon motion of counsel for defendant in error because the bill of exceptions was not filed in the time prescribed by the trial judge. A petition to rehear, accompanied by a suggestion of diminution of the record, has been filed.

We do not think the suggestion of diminution would accomplish anything. The record as it is sufficiently shows that the case was tried below on a stipulation of facts. Moreover, under Rule 9 of this court, a suggestion of diminution is not ordinarily entertained after the hearing.

The petition for rehearing proceeds on the idea that no bill of exceptions is required when a case is tried in the circuit court on a written stipulation of facts. *Johnson* v. *Martin Furniture Co.*, 139 Tenn., 580, 202 S. W., 916, is cited for this proposition. In that case a judgment of the circuit court was affirmed by the Court of

Civil Appeals because no motion for a new trial was made. Of this action, this court said:

"This was an erroneous ruling. The agreed case when filed became a part of the record without any certification or signing by the trial judge. No bill of exceptions was requisite to preserve the grounds of exceptions as the foundation for a motion for a new trial. Such a motion was not essential."

The statement that no motion for a new trial was necessary for the review of a case tried in a law court upon stipulation of facts has been expressly disapproved by this court in later cases. *Rogers* v. *Colville,* 145 Tenn., 650, 238 S. W., 80; *Board of Equalization* v. *Nashville, C. & St. L. Ry.,* 148 Tenn., 676, 257 S. W., 91, 93. In the latter case, after referring to previous decisions of this court, it was said:

"Observing, therefore, the rule announced in the foregoing cases, where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the pleadings, or facts presented to the court as exhibits to or made part of the return to a writ."

Although the opinion in *Johnson* v. *Martin Furniture Co., supra,* does not make it clear, it is likely that the stipulation of facts referred to in the above quoted language from that case was entered upon the minutes of the court, and the necessity of a bill of exceptions thereby obviated. It distinctly appears in *Rogers* v. *Colville, supra,* that the stipulation of facts was so entered upon the minutes of the trial court and, referring to *Rogers* v.

*Colville,* this court said in *Board of Equalization* v. *Nashville, C. & St. L. Railway,* "Here the stipulation was entered upon the minutes which obviated the requirement of a bill of exceptions, but did not dispense with the necessity of a motion indicating errors in the application of the law to the facts."

█ Our statute regarding agreed cases does not provide that the stipulation of facts shall constitute a part of the record of the case. Section 9383 of the Code is as follows:

"The same parties who are entitled to enter into an agreement of submission to arbitration, and including contestants' titles to real property, may, in like manner, with or without action brought, agree upon a case containing the facts upon which the controversy depends, and submit the same to the circuit or chancery court of the county in which either of the parties resides, or in which a suit might have been brought to determine such controversy."

In contrast the statute respecting written findings of facts by the trial judge, section 8811 of the Code, is in these words:

"Upon the trial of a question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and the conclusions thereon, which shall constitute a part of the record."

The decisions construing section 8811, holding that a case may be reviewed upon a written finding of facts without a bill of exceptions, emphasize the statutory provision that such finding of facts "shall constitute a part of the record." *Citizens' Nat. Life Insurance Co.* v. *Witherspoon,* 127 Tenn., 363, 366, 155 S. W., 139; *Railroad Co.*

v. *Foster*, 112 Tenn., 345, 80 S. W., 585; *Hinton* v. *Insurance Co.*, 110 Tenn., 113, 130, 72 S. W., 118.

In the case before us the record consists very largely of exhibits. These are elaborate. They are brought into the stipulation of facts only by reference. The court could not well permit its minutes to be encumbered by such matter. A bill of exceptions was absolutely necessary to bring these documents up to this court.

Petition to rehear denied.