INDUSTRIAL CREDIT COMPANY, Plaintiff in Error,

*v.*

TOM BECKHAM D/B/A BECKHAM MOTOR COMPANY, Defendant in Error.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

WADE & FORRESTER, Pulaski, for plaintiff in error.

HENRY & HENRY, Pulaski, for defendants in error.

MR. JUSTICE SWEPSTON delivered the opinion of. the Court.

A motion has been filed in behalf of Beckham to affirm the judgment below for failure of the Industrial Credit Company to have signed by the trial judge and filed with the clerk within the time required by law a bill of exceptions.

The order overruling the motion for new trial, as stated in the briefs of respective counsel, was entered on October 19, 1959, and the purported bill of exceptions was signed by the trial judge on November 27, 1959, but the date same was filed with the clerk does not appear from the transcript. There is no order fixing the time for filing the bill of exceptions. It is, therefore, the insistence of movant that T.C.A. sec. 27-111 applies and

that since the same was not filed within the 30 days, there is no bill of exceptions and that the judgment below should be affirmed.

It is the insistence in behalf of the Industrial Credit Company that said above Code section is not applicable but T.C.A. sec. 23-405 relating to agreed cases applies. The case of *Johnson v. Martin Furniture Co.,* 139 Tenn. 580, 202 S.W. 916, is relied upon for the statement "The agreed case when filed became a part of the record without any certification or signing by the trial judge. No bill of exceptions was requisite to preserve the ground of exception as the foundation for a motion for a new trial."

It is conceded, however, by the Finance Company counsel that the above case was modified in *Standard Life Ins. Co. v. Adams,* 174 Tenn. 405, 126 S.W.2d 311, but only to the extent that where the record shows the case was tried below on a written stipulation of facts consisting largely of exhibits which were only brought into the stipulation of facts by reference, a bill of exceptions is necessary to bring up these documents. It is insisted, however, that since there was only one exhibit attached to the agreed statement of facts in this case that the rule of the latter case does not apply.

It is our construction of the Standard Life Ins. Co. case, supra, that it expressly overruled *Johnson v. Martin Furniture Co.,* supra. See also Gilreath's History of a Lawsuit, Sec. 592, p. 652 top. The Standard Life Ins. Co. case explains that where a stipulation is entered upon the minutes of the court it becomes a part of the technical record without the necessity of being made so by a proper bill of exceptions; but in the last paragraph

of the opinion it is pointed out that the court could not well permit its minutes to be incumbered by a large number of exhibits brought in by reference in such a stipulation.

It is also pointed out that T.C.A. sec. 23-401 (sec. 9383 of the 1932 Code) does not provide that the stipulation of facts shall constitute a part of the record, wherein that statute differs from T.C.A. sec. 20-1321 (sec. 8811 of the 1932 Code), which statute provides for a written finding of facts and expressly makes same a part of the record without a bill of exceptions.

We accordingly must hold that a bill of exceptions was necessary.

Looking to the technical record, the only assignment of error is that the trial judge was in error because his judgment was contrary to the law and the evidence. The only thing left in the record in the absence of a bill of exceptions is the order of the court stating that the same was heard "upon the pleadings, the stipulation of fact and the argument of counsel from all of which the court is of opinion that since the Industrial Credit Company failed to record its lien in Lauderdale County, Alabama, and since R. L. Williams had no notice of said lien, he acquired a good, valid and marketable title thereto under the laws of the State of Alabama, and, therefore, conveyed a similar title to the defendant, Tom Beckham."

It is obvious that we could not undertake to pass on the correctness of the judge's ruling when there is no stipulation of facts before us; in truth, the purported bill of exceptions does not recite that it contains all of the evidence.

Another matter, we wish to call the attention of the clerk of the court to the fact that the transcript does not show the date of filing of any of the papers put into the record. This is a violation of our Rule 4 and under Rule 7 the clerk may be disallowed his costs. We will not so disallow this time but any repetition of this will cause the application of Rule 7.

The judgment below is affirmed.