James Arthur Bryant, Plaintiff in Error,

*v.*

Central Motor Express, Inc., et al., Defendants in Error.

404 S.W.2d 513.

(*Knoxville,* September Term, 1965.)

Opinion filed June 8, 1966.

Thomas F. Ingram, Lenoir City, and Arthur M. Fowler, Loudon, Fowler & Gibson, Loudon, of counsel, for plaintiff in error.

J. H. Hodges, Knoxville, Hodges, Doughty & Carson, Knoxville, of counsel, for defendants in error.

Mr. Justice White delivered the opinion of the Court.

James Arthur Bryant filed suit against Central Motor Express, Inc., and John S. Kiser, doing business as Kiser Electric Company in the Circuit Court of Loudon County, in April, 1965, alleging that prior to April 28, 1964, Markwell and Hartz, Inc., contracted with the City of Loudon for the construction of a sewer pumping station and sewer plant. Kizer Electric Company had a subcontract under Markwell and Hartz, Inc., for the electrical construction work on the job and during the course of this work the former company purchased some assembled electric panels for installation. They were shipped to Kiser Electric Company, at Loudon, Tennessee. Defendant Central Motor Express, Inc., was a common carrier, hauling and delivering freight by motor vehicle under certificate from the Public Service Commission of Tennessee. According to averments in the pleadings, on April 28, 1964, this Motor Express Company sent to Loudon, one of its tractor-trailer motor vehicles carrying a shipment of three electrical panels, each boxed or crated separately, and each weighing from 1200 pounds to approximately 1600 pounds.

This Express Company sent its driver, Herman H. Vincent, to make said delivery without proper equipment, machinery, tools, or devices to use in unloading the heavy crates, and in connection with the delivery it is alleged that he was acting for and on behalf of the Central Motor Express, Inc., in the regular course of its business.

Central Motor Express, Inc., requested of Kiser Electric Company assistance in unloading the crates and Kiser Electric Company requested of Markwell and Hartz, Inc., assistance in helping the Express Company unload the freight. The plaintiff, Bryant, and two other

employees of Markwell and Hartz, Inc., were loaned to Central Motor Express, Inc., and to Kiser Electric Company, pursuant to these requests to help unload these heavy crates.

On April 28, 1964, the plaintiff, along with the truck driver, Herman H. Vincent, and three other employees of Markwell and Hartz, Inc., undertook to unload these heavy crates, but in the process one crate fell on the plaintiff, crushing his left leg and pinning him between the bed of the truck and the heavy crate.

It was alleged in the declaration that as a result of the fall of the heavy crate the plaintiff sustained severe and permanent injuries, that his foot was badly bruised and injured, and that he suffered other injuries, thereby causing him to expend several hundred dollars for medical services; it was also alleged that he suffered permanent disability.

It was alleged that the injuries were sustained as a result of the negligence of Vincent, an employee of Central Motor Express, Inc., in directing the removal from the tractor of said crates; hence, Central Motor Express, Inc. was liable under the doctrine of respondeat superior.

There were other charges of negligence made in this count of the declaration, and then another count alleged the same acts of negligence on the part of Kiser Electric Company.

The declaration was amended by alleging that the plaintiff was a casual laborer at the time and place and under the circumstances of the accident in that his employer, Kiser Electric Company, was engaged solely in electrical installations and not engaged in loading and unloading common carriers. An amended statement was

added that the shipments involved were articles in interstate commerce en route from the original shipper out of the State of Tennessee, to the final destination in Loudon, Tennessee. It was also alleged in another amendment that the plaintiff was performing duties directly involved and connected with an interstate shipment and his duties were a practical part of such interstate shipment.

A plea in abatement was filed by the defendant, John S. Kiser, doing business as Kiser Electric Company, setting forth as grounds that the declaration alleged that Central Motor Express, Inc., requested Kiser Electric Company to assist in unloading the crates, that the defendant, Kiser Electric Company, requested of Markwell and Hartz, Inc. assistance in helping Central Motor Express, Inc. unload the crates, and that

> * * * plaintiff and three other employees of Markwell and Hartz, Inc. were loaned to Central Motor and to Kiser, pursuant to these said requests and agreements to help unload these heavy crates, and as a loaned servant plaintiff undertook to help unload these crates.

It was further set out that the defendant, John S. Kiser, doing business as aforesaid, on and prior to April 28, 1964, had in its employ more than five persons and elected to come under and be bound by the terms and provisions of the Workmen's Compensation Law of the State of Tennessee. The declaration stated that pursuant to said election, the Company procured a policy of insurance from Shelby Mutual Insurance Company, and all notices required under the Act about the procurement of insurance were filed with the Division of Workmen's Compensation in Nashville.

It was averred, therefore, in the plea in abatement, that if the allegations of the declaration be true—that the plaintiff was a loaned servant of the defendant, Kiser Electric Company—his remedy against the Kiser Electric Company is exclusively under the terms and provisions of the Workmen's Compensation Law of the State. It was thus prayed that the suit be dismissed as to John S. Kiser, doing business as aforesaid.

Thereafter, and on July 12, 1965, the defendant, Kiser Electric Company was allowed to amend its plea in abatement, but we think it unnecessary to quote the amendment because it is not material to the disposition that we are required to make of this case.

The defendant, Central Motor Express, Inc., also filed a plea in abatement on the ground that the declaration alleged that Central Motor Express, Inc., requested the defendant, Kiser Electric Company, to assist in unloading crates of material or merchandise in accordance with the rules and regulations of the Interstate Commerce Commission, relative to loading or unloading heavy or bulky articles, and that the defendant, Kiser Electric Company, requested of Markwell and Hartz, Inc., that it procure assistance in helping Central Motor Express, Inc., unload the said crates. The declaration specifically alleged:

Plaintiff and three other employees of Markwell and Hartz, Inc., were loaned to Central and Kiser. pursuant to these said requests and agreements to help. unload these heavy crates, and as a loaned servant. plaintiff undertook to help unload these crates.

Central Motor Express, Inc., also claimed in its plea in abatement that it had in its employ more than five

persons and had elected to come under and be bound by the terms and provisions of the Workmen's Compensation Laws of the State of Tennessee, that it had procured a policy of insurance from Liberty Mutual Insurance Company, insuring its liability under said law, and that proper notice had been filed with the Division of Workmen's Compensation, Department of Labor, at Nashville. It was contended in the plea in abatement that if the allegations of the declaration be true—that the plaintiff was a loaned servant of the defendant, Central Motor Express, Inc., and John S. Kiser, doing business as Kiser Electric Company—his remedy against the said Central Motor Express, Inc. is exclusively under the terms and provisions of the Workmen's Compensation Laws of the State of Tennessee. In an amendment to the plea in abatement, Central Motor Express, Inc., was allowed to add the following:

Central Motor Express, Inc., avers that it is not such a common carrier as is excluded from the terms and provisions of the Workmen's Compensation Laws of the State of Tennessee.

The plaintiff joined issue on the pleas in abatement on July 14, 1965, and upon the hearing held on August 3, 1965, the trial court sustained the pleas in abatement and dismissed plaintiff's action. We do not think it necessary to quote the order of the court sustaining the pleas in abatement, from which action the plaintiff excepted and moved the court for thirty days within which to file a motion for a new trial. The motion for a new trial was seasonably made and overruled, and from this an appeal was taken to this Court.

The above is the background of this case, except that the parties, through counsel, commendably entered into a

stipulation of facts and the court based its decision of the facts on this stipulation.

We now have a motion to strike the assignments of error, filed on behalf of Central Motors Express, Inc., and John S. Kiser, doing business as Kiser Electric Company, because the record does not show that the stipulations upon which the pleas in abatement were heard by the trial court were spread upon the minutes of the court or otherwise identified by the trial court, and the record fails to show that any bill of exceptions was ever filed to preserve the evidence introduced by way of stipulation. The motion to strike contends, therefore, that the stipulations, together with an exhibit thereto, are not before this Court and may not be considered by us.

We have examined this record and we do not find that the stipulations were spread upon the minutes of the court, nor was a bill of exceptions preserved.

In *Standard Life Ins. Co. of the South v. Adams,* 174 Tenn. 405, 126 S.W.2d 311 (1939), this Court held that a bill of exceptions is required when a case is tried in the Circuit Court on written stipulation of facts. The Court speaking through the late Chief Justice Green, stated:

In the case before us the record consists very largely of exhibits. These are elaborate. They are brought into the stipulation of facts only by reference. The court could not well permit its minutes to be encumbered by such matter. A bill of exceptions was absolutely necessary to bring these documents up to this court. 174 Tenn. at 409, 126 S.W.2d at 312.

In the recent case of *Industrial Credit Co. v. Beckham,* 206 Tenn. 331, 333 S.W.2d 563 (1960), this Court cited with approval and affirmed its holding that where a

stipulation is not entered on the minutes of the Court, it is necessary that there be a bill of exceptions embodying the stipulation in order that it may be identified by the Court as the evidence upon which the judgment of the Court was based.

In its reply brief to the appellees motion to strike the assignments of error in this case, appellant cites the case of *Louisville & Nashville Railroad Co. v. Hooper,* 52 Tenn.App. 436, 376 S.W.2d 868 (1963), to uphold their position that a stipulation of facts need not be preserved by way of bill of exceptions or authentication by the trial judge, but since it is included in the technical record, it is properly before this Court. In that decision, the case of *Johnson v. Martin Furniture Co.,* 139 Tenn. 580, 202 S.W. 916 (1918), was cited for the proposition that an agreed state of facts need not be preserved by way of bill of exceptions, and no motion for a new trial is necessary. The Johnson case truly held that neither a bill of exceptions nor an authentication by the trial judge is necessary; when the stipulation is filed it becomes a part of the record and no motion for a new trial is required as a prerequisite for appeal. However, the case of *McNabb v. Lynn,* 171 Tenn. 8, 100 S.W.2d 3 (1937), overruled the Johnson case as it regards the necessity for a motion for a new trial where there was a stipulation of facts. In that case the stipulation was copied in the record and it was marked "Filed" but it was not on the minutes, attested by the trial judge, or in a bill of exceptions.

In *Standard Life Insurance Co. of the South v. Adams,* supra, the holding of Johnson was again disapproved. The Court there, speaking through Mr. Chief Justice Green, stated that if the stipulation were entered upon the minutes of the Court (which are always signed or

authenticated by the trial judge) then a bill of exceptions would not be necessary, but a motion for a new trial would be necessary. This statement was made in light of the fact that the stipulation referred to a lot of exhibits which the Court could not permit to encumber the minutes, but which should have been in a bill of exceptions. In *Industrial Credit Company v. Beckham,* supra, the Standard Life Insurance Company case was cited as controlling on this question, even where there was only one exhibit to the stipulation.

Originally—as the cases above mentioned indicate—in any case where the judgment of a law court, as opposed to an equity court, was based upon a consideration of facts, irrespective of how they were presented to the Court, a motion for a new trial was necessary on appeal, the appeal being "an appeal in the nature of a writ of error." *Board of Equalization v. Nashville, Chattanooga & St. Louis Railroad,* 148 Tenn. 676, 257 S.W. 91 (1923).

However, as regards the necessity for a motion for a new trial, this law appears to have been changed by what is now T.C.A., Sec. 27-303 (1965 Supplement) originally enacted in 1929. This statute relieves parties seeking review from having to file a motion for a new trial when any case, law or equity, is tried *without the intervention of a jury.* Review in these non-jury cases is now on simple appeal as was the case before only in equity matters, as T.C.A., Sec. 27-301 provides. In simple appeals cases, it has always been the rule that the review is de novo on all questions of law or fact *appearing in the record.* Caruthers History of a Lawsuit, Sec. 430, Eighth Edition. Appeal is now taken directly from the chancellor's or the trial judge's final judgment, with no

552

necessity to point out to him his errors; he should already know them.

■■ However, even in these non-jury trials, if review is desired, the error must be preserved in some way. If the error involves a ruling on facts presented to the judge, it must be preserved in one of two ways, depending upon how the facts were presented: (1) Through the minutes of the Court, authenticated by the trial judge; (2) Inclusion in a bill of exceptions which the trial judge authenticates. One or the other modes of preservation is necessary. In all non-jury cases where the testimony is oral, even though no motion for a new trial is necessary, this oral testimony must be preserved by a bill of exceptions—filed and included in the transcript. T.C.A., Sec. 27-303.

There is, however, no statute changing the common-law rule for preservation of an agreed state of facts. In *Life & Casualty Insurance Co. v. Gardner*, 21 Tenn.App. 244, 108 S.W.2d 1100 (1937), in a procedural situation almost on all fours with that of the instant case, this holding was made;

"A stipulation of the facts arising under the plea was made and filed in the cause. The Court overruled the plea and the case went to trial, resulting in a verdict for the plaintiff. The court's act in overruling the plea is assigned as error in this court. The question is not reviewable here for the reason that the stipulation of fact was not made a part of the bill of exceptions. It is true the paper is shown to have been filed in the lower court and it appears in the transcript, but it is not a part of the technical record, not having been entered upon the minutes, and it is not identified nor

authenticated by the trial judge's signature to the bill of exceptions or otherwise. It is not a part of the record. *Lyon v. Grant Crabtree,* 16 Tenn.App. 42, 64 S.W.2d 24; *McGhee v. Grady,* 12 Lea (80 Tenn.) 89; *McMillan Marble Co. v. Black,* 89 Tenn. 118, 14 S.W. 479.''

■ A close reading of T.C.A. Sections 27-104, and 27-303, as amended, and as applied to this Court by Section 27-304, will show that they do not change the common-law rule with regard to preservation of a stipulation of facts. Just because a motion for a new trial is not necessary, it cannot thereby be assumed that properly authenticated evidence is not necessary when a case is reviewed in this Court. The purpose of a motion for a new trial is to call the trial judge's attention to errors of the jury in deciding a case and to his own errors in presiding over a jury trial, all in the hope that he can correct them without the necessity for appellate review.

■ The purpose of properly authenticated evidence, on the other hand, is to preserve, inviolate and correct, the facts upon which a judge's decision was rendered, so that reviewing courts can likewise make accurate decisions. The trial judge's authentication signifies, at least as regards a stipulation, that this was all the evidence heard in the case; it also signifies that some ''overseer'' was present to guard against parties stipulating unreasonably.

■ The motion to strike the assignments must be sustained and this case dismissed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.