Verda E. COPE, Jr., Chairman Scott
County Beer Board, Appellant,

v.

Tommie HEMBREE, Appellee.

Supreme Court of Tennessee.

Nov. 20, 1972.

Clifton Sexton, Oneida, for appellant.

Charles W. Martin, Oneida, for appellee.

## OPINION

JOHN W. WILSON, Special Justice.

For convenience, the parties will be referred to as in the court below; that is, Tommie Hembree as complainant, and Verda E. Cope, Jr., Chairman, Scott County Beer Board, as defendant.

This cause was heard in the Chancery Court of Scott County on a writ of certiorari and answer thereto, to review the action of the Scott County Beer Board in denying the application of complainant to sell beer at the location mentioned in the application because of the existing traffic hazard.

The matter is before us on the technical record, the defendant not having filed a bill of exceptions to preserve the pleadings before the Chancellor within the ninety days allowed therefor. The final decree of the Chancellor, omitting the provision as to exceptions, prayer for appeal, and time for filing of bill of exceptions, is quoted as follows:

"This cause came on to be heard on March 15, 1972 before the Honorable

James O. Phillips, Chancellor, upon the bill of the Petitioner, the answer of the Defendant, witnesses in open Court, and upon the entire record and the Court makes the following findings:

1. Petitioner has met the burden of proof required under Section 57–205 Tennessee Code Annotated to entitle him to a permit to sell beer.

2. Petitioner has shown that no undue traffic hazard will be created by the granting of a permit to sell beer at the location set forth in his petition.

3. The permit is to be restricted to sales for off premises consumption.

4. Petitioner will be required to see that vehicles patronizing his establishment do not park on the state highway right-of-way.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT THE Clerk of the Scott County Beer Committee be required to issue a permit to petitioner for the sale of beer for off premises consumption.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that petitioner will be required to see that motor vehicles of individuals doing business with his establishment do not park on U. S. Highway right-of-way."

■ It is well settled in this State that in the absence of a bill of exceptions, the appellate court must conclusively presume that the evidence justified the verdict. Pennington v. General Motors Corporation (1961) 49 Tenn.App. 240, 354 S.W.2d 479; Dunn v. State (1912) 127 Tenn. 267, 154 S.W. 969.

In connection with non-jury cases taken to the appellate courts, § 27–303, Tennessee Code Annotated states in part:

". . . In all such cases no motion for a new trial shall be necessary as a prerequisite to a review of either the final judgment or any order of the court preliminary thereto, but when the case is tried on oral evidence *a bill of exceptions shall be filed and included in the transcript.* In all such cases the hearing of any issue of fact or of law in the appellate court shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise." (Emphasis supplied.)

See Bryant v. Central Motor Express, Inc. (1966) 218 Tenn. 542, 404 S.W.2d 513.

■ The only assignment of error is that the court erred in not applying the proposition of law that the decree must not be broader than the pleadings, must follow the law and must be justified by the law.

In the state of the record in the light of the above-cited authorities, the assignment really raises no issue for this Court to determine.

■ Even if the Court could review defendant's alleged assignment of error, its argument that the decree is broader than the pleadings, does not follow the law, and must be justified by the evidence, is not well taken. As pointed out in Brown v. Eckhardt (1939) 23 Tenn.App. 217, 129 S.W.2d 1122, at p. 1123:

Assignments which did not challenge as erroneous any affirmative rulings of the chancellor but asserted that chancellor erred in not holding in conformity with certain propositions stated in the assignments were mere matters of argument and not true assignments of error.

■ The contention of the defendant that the findings in the decree are manifestly inconsistent with the pleadings is not correct. The pleadings of the complainant prayed that a permit be issued to him, and the decree granted that prayer. The fact that the decree imposed a limitation on the complainant does not support the argument of the defendant that such a decree is in-

consistent with the pleadings. Complainant is not complaining about the restriction requiring complainant to prevent parking on the highway and we agree with the statement made in the brief of complainant:

"It is to be noted that defendant, in effect, is saying that the Court's decree is not proper, because the decree does not completely favor the complainant. This appears to be an unusual argument, to say the least, on the part of the defendant."

 The defendant claims that the decree authorized a permit to sell beer for off-premises consumption, which it contends is not authorized by T.C.A. § 57-205. This is all the complainant asks for in his application and there is no merit whatsoever in the defendant's contention.

The judgment of the Chancellor is affirmed. The costs are assessed against the defendant.

DYER, C. J., and CHATTIN, HUMPHREYS and McCANLESS, JJ., concur.