**Mrs. Allene COOPER et al., Appellants,**

**v.**

**Walter ROSSON, Appellee.**

Supreme Court of Tennessee.

May 6, 1974.

Joseph L. Lackey, Sr., Nashville, for appellants.

Dwayne D. Maddox, Maddox & Radford, Huntingdon, for appellee.

OPINION

CHATTIN, Justice.

Appellants filed this complaint against appellee seeking an injunction prohibiting appellee from cutting and removing the timber from thirty-three acres of land in which they claimed the fee by virtue of a decree of the Chancery Court of Benton County entered on the 21st day of May, 1936. Appellants, also, sought to have a deed set aside as a cloud on their title to the property whereby W. J. Rosson, Deceased, had attempted to convey the land to appellee.

Appellee has filed a motion to dismiss this appeal for the failure of the appellants to prosecute the same within the time allowed.

The Chancellor tried the case on a stipulation of facts and two exhibits filed thereto. A decree was entered on July 17, 1973, dismissing appellants' complaint.

Appellants prayed and were granted an appeal upon filing an appeal bond within thirty days and preparing and filing a bill of exceptions within ninety days.

Appellants filed an answer to the motion to dismiss the appeal. They admit no bill of exceptions was filed, "as all the evidence submitted was by stipulation of fact; thus, the record should have been prepared by the Clerk and Master and then filed

with the Clerk of the Supreme Court at Jackson."

The record shows that the appeal bond was filed within thirty days. No bill of exceptions was tendered for authentication by the Chancellor within ninety days or thereafter.

On December 13, 1973, Counsel for appellee filed the motion to dismiss the appeal.

On January 23, 1974, a transcript of the record certified to by the Clerk and Master was filed in this Court.

■ From the foregoing facts, it is clear we may consider the transcript as filed for writ of error. T.C.A. Section 27–607; Sanders v. Loyd, 51 Tenn.App. 49, 364 S.W.2d 369 (1960).

However, the problem arises as to whether we may consider the facts as set forth in the stipulation of facts since the stipulation was not preserved by inclusion in a bill of exceptions authenticated by the Chancellor nor through the minutes of the court authenticated by the Chancellor.

In nonjury trials, "if the error involves a ruling on facts presented to the trial judge, it must be preserved in one of two ways, depending upon how the facts were presented: (1) Through the minutes of the Court, authenticated by the trial judge; (2) Inclusion in a bill of exceptions which the trial judge authenticates. One or the other modes of preservation is necessary." Bryant v. Central Motor Express, 218 Tenn. 542, 404 S.W.2d 513 (1966); Southern Fdy. Supply v. Spang & Co., 225 Tenn. 447, 470 S.W.2d 187 (1971).

In the case of Life & Casualty Insurance Co. v. Gardner, 21 Tenn.App. 244, 108 S.W.2d 1100 (1937), the Court said:

"The question is not reviewable here for the reason that the stipulation of fact was not made a part of the bill of exceptions. It is true the paper is shown to have been filed in the lower court and it appears in the transcript, but it is not a part of the technical record, not having been entered on the minutes, and it is not identified nor authenticated by the trial judge's signature to the bill of exceptions or otherwise. It is not a part of the record."

In the case of Bryant v. Central Motor Express, supra, the Court said:

"A close reading of T.C.A. Sections 27–104, and 27–303, as amended, and as applied to this Court by Section 27–304, will show that they do not change the common-law rule with regard to preservation of a stipulation of facts. Just because a motion for a new trial is not necessary, it cannot thereby be assumed that properly authenticated evidence is not necessary when a case is reviewed in this Court.

"The purpose of properly authenticated evidence, on the other hand, is to preserve, inviolate and correct, the facts upon which a judge's decision is rendered, so that reviewing courts can likewise make accurate decisions. The trial judge's authentication signifies, at least as regards a stipulation, that this was all the evidence heard in the case; it also signifies that some 'overseer' was present to guard against parties stipulating unreasonably."

The final decree of the Chancellor recites that he found the issues, "based upon the stipulated facts," in favor of appellee and was of the opinion the complaint should be dismissed. The Chancellor further found the appellee was the true owner of the title to the disputed property.

■ It is fundamental the review of any issue of fact depends upon a bill of exceptions authenticated by the trial judge or a minute entry, and in the absence thereof it is conclusively presumed the evidence was sufficient to justify the judgment. Southern Fdy. Supply v. Spang & Co., supra;

Pennington v. General Motors Corp., 49 Tenn.App. 240, 354 S.W.2d 479 (1961).

Accordingly, we have no alternative other than to affirm the decree of the Chancellor and tax appellants with the costs.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.