JANET EDWARD BATES, Appellant,

*v.*

JOE B. SHAPARD d/b/a Shapard Chevrolet Company, and General Motors Corporation, Appellees.

461 S.W.2d 946

(*Nashville,* December Term, 1970.)

Opinion filed December 7, 1970.

PETER TRENCHI, JR., Tullahoma, for appellant.

ROBERTSON & WORSHAM, Tullahoma, for Joe B. Shapard.

W. OVID COLLINS, JR., CORNELIUS, COLLINS, NEAL, HIGGINS & WHITE, Nashville, of counsel, for General Motors Corp.

MR. SPECIAL JUSTICE ERBY L. JENKINS delivered the opinion of the Court.

This is an action to recover for personal injuries sustained in an automobile accident. The parties will be referred to as the plaintiff or defendant, or by their respective names.

The accident giving rise to this action occurred on or about October 10, 1965, in Bedford County, Tennessee. The plaintiff, who was a guest passenger in the automobile owned and being driven by Jerry Bates, was injured when the automobile suddenly and without warning went out of control and ran off the road. The automobile involved was manufactured by the defendant General Motors Corporation and had been purchased by Bates from the defendant Shapard on or about December 10, 1964.

The plaintiff commenced her suit on September 23, 1966. Her declaration contained two counts. The first count alleged that her injuries had been caused by the negligence of the defendant General Motors Corporation. The second count alleged that the defendant Shapard had warranted the automobile to be free of defects, and that the plaintiff's injuries had been caused by Shapard's breach of this warranty. Both defendants demurred, saying that the plaintiff's cause of action arose more than one year prior to the institution of the suit. The trial court sustained both demurrers and dismissed the case. The plaintiff has perfected her appeal directly to this Court. The sole assignment of error is that the trial court erred in applying Tennessee Code Annotated Sec. 28-304, the one-year Statute of Limitations for personal injuries to this case.

■ Initially, it should be said that the 1969 Amendment to Tennessee Code Annotated Sec. 28-304 which provides that "insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the negligence or the sale of the product" does not apply to the case at Bar since this action was com-

menced prior to the effective date of this Amendment, May 20, 1969. Therefore, the Court here decides nothing concerning this provision.

 The case now before the Court is best decided by examining each count of the plaintiff's declaration separately—first, her allegation of negligence against General Motors. This cause of action accrued on or about December 10, 1964, when Bates purchased the automobile from the defendant Shapard. See *Jackson v. General Motors Corporation, Oldsmobile Division,* 223 Tenn. 12, 441 S.W.2d 482 (1969), wherein this Court held that a cause of action based on the negligence of an automobile manufacturer accrues from the date of the purchase of the automobile. As to the period of limitations, we feel that the case of *Layman v. Keller Ladders, Inc.,* 224 Tenn. 396, 455 S.W.2d 594 (1970), is controlling. Here, the Court recently said:

"Section 47-2-725 [the four year statute of limitations in contracts for sale] should control in all actions wherein a breach of warranty of a contract of sale is alleged, irrespective of whether damages sought are for personal injuries or injuries to property. However, as to counts alleging common law negligence and strict liability, the one or three-year statutes are still applicable."

 Thus, the plaintiff here had one year from the accrual of her cause of action based on negligence, December 10, 1964, to bring an action to recover from General Motors for her personal injuries. Accordingly, since her suit was commenced on September 23, 1966, more than one year following the accrual of this cause of action, the action against General Motors for its negligence is

barred by the one year Statute of Limitations found in Tennessee Code Annotated 28-304, and the order sustaining the demurrer to this count of the plaintiff's declaration should be affirmed.

■ Turning now to the plaintiff's second count, breach of warranty against Shapard, the Court feels. that this too is controlled by *Layman v. Keller Ladders, Inc.*, supra, and Tennessee Code Annotated Sec. 47-2-725, which provides in part that,

(1) "An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. * * *"

(2) "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made * * *."

In this case, the plaintiff had four years from the date of the sale to bring her action for breach of warranty. Therefore, this action was not barred by the one-year statute of limitations, and the trial court erred in sustaining the demurrer of Shapard based solely on this ground.

Accordingly, the order of the trial court sustaining the demurrer to the second count of the plaintiff's declaration is overruled, and the case is remanded for further proceeding on this count.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS, and McCANLESS, JUSTICES, concur.