**FORD MOTOR COMPANY et al.,**
**Petitioners,**

**v.**

**Charles MOULTON et ux., Respondents.**

Supreme Court of Tennessee.

Feb. 19, 1974.

Rehearing Denied June 17, 1974.

Louis C. Woolf, Knoxville, for Ford Motor Co.

Stuart F. Dye and Hugh W. Morgan, Knoxville, for Hull-Dobbs.

Paul T. Gillenwater and Sumter D. Ferguson, Jr., Knoxville, for respondents.

## OPINION

CHATTIN, Justice.

This is a personal injury suit brought by Moulton and his wife, Pauline, against Ford Motor Company and a retail Ford dealer, Hull-Dobbs.

Moulton seeks $1,000,000.00 in damages and charges the defendants with: negligence; breach of express and implied warranties; tortious misrepresentation based on public advertisement; and strict liability in tort.

Moulton filed a complaint on May 13, 1971, averring he purchased from Hull-Dobbs of Knoxville a 1969 Ford LTD automobile which was delivered to him on April 30, 1969.

That on July 5, 1970, while driving in a westerly direction along Interstate 40, the car suddenly veered to the right, jumped the guard rail and fell twenty-six feet to a street below. It is alleged the car suddenly went out of control because of a defect in the steering mechanism. Moulton was seriously injured.

Mrs. Moulton adopts the same facts and theories for recovery in her suit for loss of consortium.

Motions for summary judgment or dismissal were filed by both petitioners. The trial judge concluded the complaint did not state a cause of action for breach of warranty. He sustained petitioners' motion as to the warranty counts. He, also, held the counts sounding in negligence, strict liability in tort, and tortious misrepresentation based on public advertisement were barred by the statute of limitations.

The Court of Appeals affirmed the action of the trial judge in dismissing the breach of warranty counts, but reversed as to the other counts after concluding that they were not barred by the statute of limitations.

All parties petitioned this Court for the writ of certiorari to the Court of Appeals. We granted the petitions of petitioners and denied the petitions of respondents.

We think it proper for us to first point out the reasons for our denial of respondents' petitions for certiorari.

Although respondents raised numerous assignments of error, it is unnecessary to discuss each assignment of error separately since they all relate basically to two issues.

The Court of Appeals concluded that Hull-Dobbs had not given Moulton an express warranty. This conclusion is supported by the evidence. That Court found that Ford had given Moulton a one-year or twelve thousand mile express warranty. However, the Court of Appeals held that this warranty had expired, thereby precluding an action for its breach.

Both Hull-Dobbs and Ford had disclaimer clauses in their contracts with Moulton, which purportedly disclaimed all implied warranties. The Court of Appeals found these disclaimer clauses to be valid; and, therefore, sufficient to prevent respondents from having a cause of action for breach of implied warranty.

Respondents make three arguments: First, they insist the disclaimer clauses were not properly drawn in that they failed to comply with the provisions of the Uniform Commercial Code; and are, therefore, invalid. Second, if the disclaimer clauses are properly drawn, they are prima facie unconscionable under T.C.A. 47–2–715. Finally, respondents insist that the one-year or twelve thousand mile limitation on the express warranty is prima facie unconscionable under T.C.A. 47–2–719.

T.C.A. 47–2–316(2) provides that implied warranties of merchantability and fitness may be disclaimed if the disclaimer is conspicuous and mentions merchantability, and if it is in writing with reference to the fitness warranty. The Court of Appeals concluded that the requirement of T.C.A. 47–2–316(2) had been complied with; and, consequently, the disclaimers were validly drawn. We agree with this conclusion.

Respondents insist that even if the disclaimers were drawn in accordance with the provisions of T.C.A. 47–2–316 they are, nevertheless, invalid because they violate T.C.A. 47–2–719.

T.C.A. 47–2–719(3) provides:

"Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

Respondents' argument is that as a result of the accident Moulton sustained personal injuries; that because of the valid dis-

claimer of warranties, he is unable to bring an action for consequential damages resulting from the accident; and that such an exclusion is violative of T.C.A. 47–2–719(3) since that section "expressly prohibits exclusion of personal injuries by warranty."

In answer to this argument, the Court of Appeals said:

"---Plaintiffs misconstrues the scope of this Section. (2–719(3)). Subsection (3) thereof provides the limitation of consequential damages for injury to the person in case of consumer goods is prima facie unconscionable, but that Section does not control disclaimer of implied warranties. Official comment 3 to T.C.A. 47–2–719 states that the seller 'in all cases is free to disclaim warranties in the manner provided in Section 2–316.'

"The latter Section, which is T.C.A. 47–2–316, provides in subsection (2) that implied warranties of merchantability and fitness may be disclaimed if the disclaimer is conspicious and mentions merchantability, and if it is in writing with reference to the fitness warranty. The disclaimer here is in writing, and merchantability is explicitly mentioned in the disclaimer of the motor vehicle sales contract."

Most Uniform Commercial Code commentaries agree with the conclusion of the Court of Appeals that disclaimers drawn in accordance with 47–2–316 cannot be considered to violate the provisions of 47–2–719. The following analysis is offered in the one volume treatise of the U.C.C. by White and Summers:

"---The proposition enunciated by--- (a few courts)---that a disclaimer that has the effect of modifying or excluding consequential damages may be unconscionable under 2–719(3) ---- is out of line with the scheme of the Code. Comment 3 to 2–719(3) provides:--- 'Subsection (3) recognizes the validity to clauses limiting or excluding consequential damages but makes it clear that they may not operate in an unconscionable manner. Actually such terms are merely an allocation of unknown or undeterminable risks. The seller in all cases is free to disclaim warranties in a manner provided in Section 2–316.'

"The last sentence seems to be telling the seller, 'if you really want to limit your liability why don't you disclaim all warranties? Then you wont have to worry about limiting damages.' Note that the sentence appears after the discussion of remedies limitations and after the discussion of extent to which such clauses are governed by the unconscionability doctrine and that it announces that the seller may disclaim warranties in all cases. These facts strongly indicate that the draftsmen intended for 2–316 to operate independently of 2–719(3).

"This implication is buttressed by comment to 2–316 - - -: '- - - If no warranty exists, there is of course no problem of limiting remedies for breach of warranty.'

"The comment's reasoning is elementary: there can be no consequential damages if there is no breach; there can be no breach of warranty if there is no warranty; there can be no warranty if the seller has disclaimed them pursuant to 2–316. Although a particular disclaimer may be unconscionable under 2–302, it seems clear that the scheme of the Code does not permit a court to disregard that disclaimer on the basis that it operates to exclude the consequential damages that could not be excluded under 2–719(3)."

■ We think the Court of Appeals correctly determined that the disclaimer clauses did not violate the provisions of 2–719(3).

Respondents did not argue that the Court of Appeals did not consider the question as to whether a warranty disclaimer which meets the provisions of 2–316 can be considered unconscionable with-

in the meaning of the term as used in 2–302. Most commentaries answer this question in the negative. See Leff Unconscionability and the Code, the Emperor's New Clause, 115 U.Pa.L.Rev., 485 (1967).

■ Finally, respondents contend that the one-year or twelve thousand mile limitation on the express warranty is prima facie unconscionable under T.C.A. 47–2–719(3). This is essentially the same argument made above. Again, the Court of Appeals rejected respondents' reasoning stating:

"This provision has to do with limitation of remedies, and not with a limitation on the time within which a claim may be asserted. T.C.A. 47–2–607(3)(a) provides for the time within which a claim must be asserted. It states that where goods have been accepted, 'the buyer must within a reasonable time after he discovers or should have discovered a breach notify the seller of the breach or be barred from any remedy.' T.C.A. 47–1–204(1) provides that whenever any provision in the Sales Act requires an action to be taken within a reasonable time 'any time which is not manifestly unreasonable may be fixed by agreement.'

"Limitation of the period of the express warranty is in effect a limitation of the time within which a claim must be asserted under that warranty. The warranty actually provides for repair or replacement of such parts 'found to be defective' within the limited period, and if such discovery were made presumably a further reasonable period of time would be allowed for giving notice. Here, however, no such discovery within the limited period was made. Thus, plaintiff has no valid claim of breach of express or implied warranty.

"There is no assignment of error that the limited period of express warranty is 'manifestly unreasonable' within the meaning of T.C.A. 47–1–204(1). In the absence of any such assignment, we deem the issue waived by the plaintiffs."

■ The Court of Appeals, also, rejected Mrs. Moulton's contention that she had a breach of warranty action stating: "--- her action being derivative, she is entitled to no greater warranty rights under this Section than the buyer himself. Since Mr. Moulton has no warranty rights-----neither does Mrs. Moulton."

We agree with the foregoing conclusions of the Court of Appeals.

Petitioners in their petition raise two issues:

First, they insist that the Court of Appeals erred by considering affidavits and depositions which were made a part of the technical record but not spread upon the court's minutes nor otherwise authenticated by the trial judge.

In response to this contention, the Court of Appeals said:

"On April 17, 1973, this Court amended its rules, adding Rule 7(a) [7A] which provides in part that all pleadings, depositions, answers to interrogatories, affidavits, exhibits, admissions and stipulations filed with the clerk of the trial court before hearing on a *motion for* summary judgment shall be considered part of the technical record for the purpose of appeal without the necessity of authentication or certification by the trial judge or including such in a bill of exceptions."

■ The Court of Appeals could have considered the deposition without resorting to its new rules as authority. T.C.A. Section 27–104. That Section only applies to depositions and exhibits. The Court of Appeals could not consider the affidavits or stipulations unless they were authenticated by the trial judge either by minute entry or by inclusion in a bill of exceptions. Bryant v. Central Motor Co., 218 Tenn. 542, 404 S.W.2d 513 (1966); South-

ern Fdy. Supply v. Spang & Co., 225 Tenn. 447, 470 S.W.2d 187 (1971).

■ Although the Court of Appeals had the power to modify its rules they must not conflict with the rules of procedure of this Court. T.C.A. 16–117.

■ We are of the opinion that the amended Rule 7A conflicts, at least in part, with the substantive law which this Court is bound to follow until it is directly overruled. For instance, in Bryant v. Central Motor Express, supra, this Court held that stipulations of fact must be contained in a bill of exceptions or through the minutes of the Court which the trial judge authenticates if they are to be considered by this Court. Thus, the anomalous situation is created whereby the Court of Appeals could consider a stipulation but this Court reviewing the same case could not.

■ However, the record reveals the trial judge personally authenticated the affidavits and exhibits thereto and also the deposition of Mr. Moulton. In his order dismissing the suit, he specifically identified the affidavits, exhibits thereto, and the depositions as having been considered in arriving at his decision. Thus, the rule in Bryant v. Central Motor Co., supra, was complied with. We overrule this assignment of error.

■ In their second assignment of error, the petitioners contend that the Court of Appeals erred in applying T.C.A. Section 28–304 retroactively because such construction of T.C.A. 28–304 had the effect of reviving an otherwise barred cause of action.

T.C.A. Section 28–304 was amended in 1972 as follows:

"------In said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury."

This amendment took effect April 11, 1972.

The petitioners insist that under the decisions of this Court, Jackson v. General Motors Corp., 223 Tenn. 12, 441 S.W.2d 482 (1969); and Bates v. Shapard, 224 Tenn. 672, 461 S.W.2d 946 (1970); that the statute of limitations ran on April 30, 1970, because Moulton had purchased the car on April 30, 1969, and the complaint filed on May 13, 1971, was barred.

Prior to the effective date of the above quoted amendment to T.C.A. Section 28–304, it was the law of this State that a cause of action of a purchaser against an automobile manufacturer for negligence in the manufacture of an automobile accrued on the date the purchaser bought the car from the manufacturer's dealer. Jackson v. General Motors Corp., supra, Bates v. Shapard, supra.

Petitioners contend to construe T.C.A. Section 28–304 as amended as reviving this otherwise barred cause of action violates the constitution of this State. We agree.

This precise question was presented in Girdner v. Stephens, 48 Tenn. 280 (1870).

■ The Court held it to be unconstitutional to enact a retroactive statute of limitations reviving a cause of action that had otherwise expired prior to the enactment of the statute. The Court reasoned such action would deprive the person relying on the statute of a vested right; and, therefore, unconstitutional.

Furthermore, in the case of Henderson v. Ford, Tenn., 488 S.W.2d 720 (1972), this Court held an amendment lengthening the time for the Secretary of State to accept service of process on behalf of a nonresident motorist could not be given a retroactive effect after the original period of time had expired.

The Court specifically said:

"So the issue is, in essence, whether the application of the 1970 amendment to the defendant-in-error would impair any

such right vested in him at the time of the enactment of the amendment. and the answer must be that such an application of the statute would recreate, or revive, an agency which had expired, thereby exposing Ford to the hazards, inconvenience and expense of a lawsuit in a foreign state, and so disturb his vested right to be free therefrom, at least by reason of that particular agency."

The Court of Appeals noted that the rule in Girdner was limited in East Tenn. Iron Mfg. Co. v. Gaskell, 70 Tenn. 742 (1879), to cases where the retroactive statute "operates to vest title, or extinguish the demand." However, such a limitation of the rule of Girdner appears to be dictum.

The Court of Appeals reasoned that even if the Girdner case had not been modified or overruled by the Tennessee courts it has been overruled by the United States Supreme Court. The Court said:

"- - - - -The Girdner case has been overruled and is no longer the law in Tennessee since that case is based solely on federal constitutional grounds and the United States Supreme Court, which is a final arbiter of federal constitutional questions, has since upheld the constitutionality of retroactive legislation regarding statutes of limitations. Campbell v. Holt, 115 U.S. 620 [6 S.Ct. 209, 29 L.Ed. 483] (1885); Chase Securities Corp. v. Donaldson, 325 U.S. 304 [65 S. Ct. 1137, 89 L.Ed. 1628] (1945)."

We disagree with this reasoning for two reasons. First, the Girdner case is not based solely on federal constitutional grounds. The U. S. Supreme Court cases cited merely hold that retroactive legislation did not violate the Fourteenth Amendment to the Constitution of the United States.

Secondly, we do not understand that those cases prevent a State Court from interpreting state constitutional provision so as to prevent such legislation.

In the case of Shields v. Land Co., 94 Tenn. 123, 28 S.W. 668 (1894), the Court said:

"The constitutional provision upon which this contention is made is as follows:

" 'That no retrospective law, or law impairing the obligation of contracts, shall be made.' Constitution of Tennessee, Article 1, Section 20."

"This does not mean that absolutely no retrospective law shall be made, but only that no retrospective law which impairs the obligations of contracts, or divests or impairs vested rights, shall be made . . . ."

The Court of Appeals offered the following reason as further justification for allowing the legislation to be applied retroactively:

"Viewed as a matter of policy there is no unfair disturbance to vested rights in upholding the constitutionality of the 1972 amendment to T.C.A. 28–304. The reason for applying the vested-rights rationale to strike down retroactive legislation as unconstitutional is because such retroactivity is unreasonable when applied to a particular situation. Not all retroactive legislation is unconstitutional, but only that which deprives a person of his reasonable expectations under prior law.

"The policy of statutes of limitation is one of repose, but defendants cannot complain that their repose is unfairly disturbed by the 1972 amendment to T. C.A. 28–304 since there is no clear assurance of such repose even under the law as it existed prior to the 1972 amendment. It would be one thing if under preexisting law defendants could be assured that no cause of action in Tennessee would be filed under T.C.A. 28–304 based on any sale of goods occurring prior to May 20, 1969, where a year had elapsed from the date of such sale. But there is no such assurance."

We cannot agree to the above reasoning. The Court states the retroactive legislation is unconstitutional "only when it deprives a person of his reasonable expectations under the prior law." The statute had run under the prior law prior to the amendment; and, therefore, petitioners had a right to "expect" under the prior law they would not be sued; but, if sued, they were assured of a perfect defense.

The judgment of the Court of Appeals in affirming the trial court in dismissing the warranty counts of the complaint is affirmed.

The judgment of the Court of Appeals in reversing the trial court in holding the other counts were barred by the statute of limitations and remanding the case is reversed and the judgment of the trial judge affirmed. Respondents will pay the costs.

DYER, C. J., McCANLESS, J., and LEECH, Special Justice, concur.

FONES, J., dissenting.

FONES, Justice (dissenting).

I respectfully dissent from the ruling that Moulton's cause of action was barred on April 30, 1970, although his injury did not occur until July 5, 1970.

Moulton's count for breach of warranty has been dismissed and nothing said herein applies to a breach of warranty cause of action that may be asserted in the hybrid action known as a products liability case.

The following principles are stated concisely in Hodge v. Service Machine Company, 438 F.2d 347 (6th Cir. 1971).

"[2–4] A cause of action accrues when a suit may be maintained upon it. Black's Law Dictionary 37 (4th ed. 1951). A suit may not be brought upon a cause of action until it exists, and a cause of action does not exist until all its elements coalesce. In civil actions for damages, two elements must coalesce before a cause of action can exist: (a) a breach of some legally recognized duty owed by the defendant to the plaintiff; (b) which causes the plaintiff some legally cognizable damage."

To hold that a products liability action, which is a recognized legal right, is barred by a statute of limitations before any injury is sustained, deprives a person of the opportunity of redress for an injury done him in his goods or person by due process of law, contrary to our Constitution.

Article 1, Section 17 of the Constitution of Tennessee provides, as follows:

"*Open courts—Redress of injuries— Suits against the State.*—That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay. . . . ."

I agree with the principle of Girdner, et al. v. Stephens, 48 Tenn. 280 (1870) that, once a cause of action is barred by a statute of limitations, the defendant acquires a vested right that cannot be disturbed by subsequent legislation. Absolutely essential to that principle, however, is the acquisition by the defendant of a vested right. In *Girdner*, plaintiff brought an action of trespass for alleged assault and battery and false imprisonment. It is elementary that in such an action the breach of legal duty and the injury occur simultaneously and are known to the plaintiff. His cause of action accrued on the date of the coalescence of the wrong and the injury, and the Courts were open to hear his complaint during the one year next following said date. Upon the expiration of that year, during which the Courts were open to redress plaintiff's injury, the defendant acquired a vested right to the repose provided by the applicable statute of limitation.

In the case sub judice we have a different situation. Simply stated, Moulton sustained an injury on July 5, 1970, under cir-

cumstances which permit his assertion of a products liability action, sounding in tort, for which he is guaranteed his day in court by Article 1, Section 17 of the Constitution of Tennessee. It therefore cannot be said that his remedy for that right expired on April 30, 1970, denying him even one day's access to the Courts. On April 30, 1970, defendant, Ford Motor Company, had acquired no vested right to the repose of a cause of action that did not come into existence until July 5, 1970.

I strongly embrace the principles underlying the judicial policy of stare decisis. But, it is not an inflexible policy and is deviated from where sufficient reason exists. 20 Am.Jur.2d 521, Courts, § 184. I believe that sufficient reason exists for this Court to cure the error of accruing a cause of action for personal injuries before the injury occurs, notwithstanding stare decisis, or the consequences thereof. The Legislature's two attempts to eradicate the error have not, at this point in time, cured the unjust result of denying a litigant his day in Court. I would affirm the Court of Appeals for the reasons stated herein.

## ON PETITION TO REHEAR

CHATTIN, Justice.

Petitioners have filed an earnest petition to rehear. They insist we were in error in reversing the Court of Appeals and affirming the judgment of the trial court in holding that petitioners' counts sounding in negligence, strict liability and tortious misrepresentation were barred by the statute of limitations; and that we further erred in upholding the dismissal of the warranty counts by the two lower courts.

In support of the petition, able Counsel make essentially the same argument set forth in their original brief. In other words, it is a reargument of matters which we considered and determined in our original opinion. The petition reargues matters which Counsel insist were improperly decided.

"The office of a petition to rehear is to call the attention of the court to matters overlooked, not those things which the counsel supposes were improperly decided after full consideration." West v. Carr, 212 Tenn. 367, 370 S.W.2d 469 (1963).

The petition is denied at petitioners' cost.

DYER, C. J., McCANLESS, J., and LEECH, Special Justice, concur.

FONES, J., dissenting.