# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 9, 1999 Session

## COUNTY OF SAN MATEO, CALIF. v. MURRAY GREEN, SR.

**Appeal from the Circuit Court for Lawrence County**
**No. CC-48-96     Jim T. Hamilton, Judge**

---

### No. M1999-00112-COA-R3-CV - Filed February 14, 2001

---

Appellant appeals the enforcement of a 1983 California judgment for reimbursement for public assistance provided to his children through 1982. Because the judgment expired under the applicable statutes of limitation in both California and Tennessee before this enforcement action was brought, we find that Appellant had a vested right in that defense and reverse the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J., and WILLIAM B. CAIN, J., joined.

David Comer, Lawrenceburg, Tennessee, for the appellant, Murray Green, Sr.

Paul G. Summers, Attorney General and Reporter, Stuart Wilson-Patton, Assistant Attorney General, Nashville, Tennessee, for the appellee, County of San Mateo, Calif.

### OPINION

The five children of Murray Green, Sr. ("Mr. Green") received public assistance in San Mateo County, California ("San Mateo") between 1977 and 1982. San Mateo sought reimbursement for that assistance from Mr. Green, resulting in a default judgment entered on January 24, 1983, by the Superior Court of California, County of San Mateo. That judgment provided, "defendant shall reimburse the County of San Mateo the sum of $21,931.20 for public assistance paid for the support of said children during the period from November 1, 1977 to and including March 31, 1982."

Mr. Green, a Tennessee resident, does not contest the validity of the judgment at the time it was entered. He made some payments and by 1996 had reduced his obligation to $12,916.18. An "IRS Intercept" of $394 further reduced the obligation.

San Mateo, with assistance from the State of Tennessee, filed this action in April of 1998.[1] Thus, San Mateo sought in 1998 to enforce the 1983 judgment for reimbursement for public assistance provided through 1982.[2] Following a hearing, at which Mr. Green argued that San Mateo was time barred from enforcing the judgment, the court held that the judgment was enforceable under Tennessee law. The court ordered Mr. Green to pay $12,522.18, which represented the original judgment, minus payments already made. The order was stayed pending this appeal.

A valid judgment from another state (a "foreign judgment") is entitled to full faith and credit in Tennessee's courts. *See* U.S. Const. art. IV, § 1; Tenn. Code Ann. § 26-6-104 (2000) (effect and treatment of foreign judgments). The determinative issue in this case is whether the 1983 California judgment was still valid, or enforceable, when collection was sought fifteen years later. That question must be answered by reference to the applicable statutes of limitations.

Our Supreme Court has stated that the purpose of a statute of limitation is "to compel the exercise of a right of action within a reasonable time." *Hackworth v. Ralston Purina Co.*, 381 S.W. 2d 292, 294 (Tenn. 1964). Further,

> Statutes of limitations are intended to promote timely and efficient litigation of claims. . . . The expiration of a limitations period extinguishes a potential plaintiff's cause of action and also creates a right in the would-be defendant to insist on that statutory bar. This right to be free from a claim upon which the statute of limitations has expired is as important as an aggrieved party's right to file an action.

51 Am. Jur. 2d *Limitation of Actions* § 2 (2000).

We review the trial court's determination *de novo*. "Construction of a statute and its application to the facts of the case is an issue of law, and our standard of review, therefore, is *de novo* without any presumption of correctness given to the trial court's conclusions of law." *Lavin v. Jordan*, 16 S.W.3d 362, 364 (Tenn. 2000) (citations omitted).

We must first determine which state's limitations statute should be applied. The parties do not disagree that both federal and state law provide the applicable choice of law guidelines and do not disagree on which statutes are applicable. The federal law states, "In an action to enforce arrears under a child support order, a court shall apply the statute of limitation of the forum State or the State of the court that issued the order, whichever statute provides the longer period of limitation." 28 U.S.C.A. § 1734B(h)(3). Tennessee's choice of law statute is consistent. It provides, "In a proceeding for arrearages, the statute of limitations under the laws of this state or of the issuing state, whichever is longer, applies." Tenn. Code Ann. § 36-5-2604(b) (Supp. 2000).

---

[1] The State had apparently previously filed this action in 1996. That action was dismissed, although the reason for the dismissal is not part of the record before us.

[2] These children were 29 to 36 years old when the instant action was brought in 1998.

The parties also do not disagree that the California statute of limitations applicable to this case is three years because the action is brought by the county for reimbursement, not by the obligee parent.[3] *See* Cal. Civ. Proc. Code §338(a) (West 2000) (actions on "a liability created by statute" must commence within three years); *County of Riverside v. Burt*, 92 Cal. Rptr. 2d 619, 623 (Cal. App. 4 Dist. 2000) (the state can only recover child support for the three-year period preceding the commencement of the action); *see also County of San Mateo v. Booth*, 185 Cal Rptr. 349, 357 (Cal. App. 1 Dist. 1982) (same). Thus, under California law, the County of San Mateo's judgment against Mr. Green, entered in 1983, expired in 1986. San Mateo, having conceded that the judgment is not enforceable under California law, argues instead that Tennessee law provides a longer limitations period and allows enforcement of the judgment.

We agree that Tennessee law provides a longer statute of limitation to be applied to any action to enforce the judgment against Mr. Green, but do not agree that this action was timely. Tenn. Code Ann. § 28-3-110(2) (2000), which has not been amended during the relevant period, provides that "actions on judgments and decrees of courts of record of this or any other state or government" must be commenced within ten (10) years.[4] Tennessee courts have consistently held this statute applicable to judgments for child support arrearages. *See Vaughn v. Vaughn*, No. 88-26-II, 1988 WL 68062 at *4 (Tenn. Ct. App. July 1, 1988) (no Tenn. R. App. P. 11 application filed). In *Vaughn*, this court distinguished between arrearages which had been reduced to a judgment and later failures to pay child support pursuant to an ongoing obligation. *See id* at *3-4. Relying on Tenn. Code Ann. § 28-3-110(2), this court found, "Since the arrearage was reduced to judgment in 1974, it follows that Mrs. Vaughn's 1986 petition for contempt came too late for the 1974 judgment to be enforced." *Id*. at *4. The court held, however, that no such time limitation applied to a continuing obligation to provide support. *See id.*

This distinction was affirmed in *Anderson v. Harrison*, No. 02A01-9805-GS-00132, 1999 WL 5057 at *3 (Tenn. Ct. App. Jan. 7, 1999) (no Tenn. R. App. P. 11 application filed), wherein this court discussed prior opinions regarding the application of the ten-year statute of limitations for

---

[3]Under current California law, the custodial parent may obtain and enforce a judgment for past due child support without time limitation. *See* West's Ann. Cal. Fam. Code § 4502 (2000) (a judgment for child, family, or spousal support "is enforceable until paid in full and is exempt from any requirement that judgments be renewed"); *see also In re Marriage of Cutler*, 94 Cal. Rptr. 2d 156 (Cal. App. 5 Dist. 2000) (mother was not time-barred from collecting past due support for children who reached the age of majority in 1981 and 1982). At the time the judgment before us was entered in California, a custodial parent had an absolute right to collect child support from the noncustodial parent for ten years from the time the support was due. *See id.* at 162. After ten years had passed, a trial court had the discretion to allow the parent to collect the past due amounts. *See id.*

[4]San Mateo argues that it may enforce its judgment in Tennessee based on Tenn. Code Ann. § 28-1-113, which provides: "The provisions of this title [limitation of actions] do not apply to actions brought by the state of Tennessee, unless otherwise expressly provided." San Mateo argues, in essence, that because the State of Tennessee is acting on its behalf, it is entitled to all of the protections our legislature has afforded to the State. We cannot agree. Although the State of Tennessee has provided assistance to San Mateo, that assistance does not convert this matter into an action "brought by the state of Tennessee." The "action" was brought by San Mateo in 1983, and San Mateo now seeks to collect the judgment entered in that action. Thus, Tenn. Code Ann. § 28-1-113 does not apply.

enforcing child support orders. *See Anderson*, 1999 WL 5057 at \*3. Noting that in a number of decisions this court declined to apply the limiting statute to such orders, the *Anderson* court stated:

> The court recognized an exception to this rule, however, in cases where the child support arrearages had been reduced to judgment. In those cases, the court required the custodial parent to bring the action for enforcement within ten years of obtaining the judgment for arrearages.

*Id*. (citations omitted). Thus, under Tennessee law, the 1983 judgment against Mr. Green was no longer enforceable after January of 1993, ten years after it was entered.

San Mateo argues, however, that a 1997 legislative amendment to the child support statutes should be applied to this case. That amendment expressly provides, "Judgments for child support payments for each child subject to the order for child support pursuant to this part shall be enforceable without limit as to time." Tenn. Code Ann. § 36-5-103(g) (Supp. 2000). This statutory amendment was enacted after San Mateo had lost its ability to enforce the judgment against Mr. Green under either California or Tennessee law. Mr. Green argues that it cannot be applied retroactively so as to resuscitate a claim that had expired under existing law. We agree that even if Tenn. Code Ann. § 36-5-103(g) can be interpreted as an amendment to Tenn. Code Ann. § 28-3-110(2), where arrearage on a child support obligation has been reduced to a judgment, it cannot be applied retroactively to the 1983 judgment.

> Our Supreme Court has discussed the effect of retroactive legislation as follows:
>
> Article I, section 20 of the Tennessee Constitution provides that "no retrospective law, or law impairing the obligations of contracts, shall be made." We have construed this provision as prohibiting laws "which take away or impair vested rights acquired under existing laws or create a new obligation, impose a new duty, or attach a new disability in respect of transactions or considerations already passed." A "vested right," although difficult to define with precision, is one "which it is proper for the state to recognize and protect and of which [an] individual could not be deprived arbitrarily without injustice."
>
> In considering whether a statute impairs a vested right under article I, section 20, we frequently have observed that statutes which are procedural or remedial in nature may be applied retrospectively. In general, a statute is procedural "if it defines the . . . proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right." A statute is remedial if it provides the means by which a cause of action may be effectuated, wrongs addressed, and relief obtained. We have clarified, however, that even a procedural or remedial statute may not be applied retrospectively if it impairs a vested right or contractual obligation in violation of article I, section 20.

*Doe v. Sundquist*, 2 S.W.3d 919, 923-24 (Tenn. 1999).

The Tennessee Constitution's prohibition on retrospective laws includes enactments which "take away or impair vested rights acquired under existing laws." *Morris v. Gross*, 572 S.W.2d 902, 907 (Tenn. 1978). A defendant has a vested right in a statute of limitation once the statutory limitation period has run without action by the plaintiff. *See Ford Motor Co. v. Moulton*, 511 S.W.2d 690, 697 (Tenn. 1974). "[I]n Tennessee a defendant has a vested right in a statute of limitations defense if the cause of action has accrued and the time allotted has expired." *Wyatt v. A-Best Products Co., Inc.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995). Thus,

> when a cause of action is barred by a statute of limitation, in force at the time the right to sue arose, and until the time of limitation expired, . . . the right to rely upon the statute as a defense is a vested right that cannot be disturbed by subsequent legislation.

*Id*. at 103 (citations omitted).

Because the California judgment expired under California law in 1986 and under Tennessee law in 1993, the 1997 amendment, Tenn. Code Ann. § 36-5-103(g), cannot be applied retroactively. Mr. Green has a vested right in his defense that any action on the judgment was barred by the applicable statutes of limitation, and later-enacted statutes cannot impair that right. Quite simply, San Mateo waited too long to attempt to enforce its judgment against Mr. Green.

The judgment of the trial court is reversed, and this case is remanded for such proceedings as may be necessary. Costs are taxed to the appellee, County of San Mateo, California.

_____
PATRICIA J. COTTRELL, JUDGE