IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 1, 2012 Session

## ANNA RUTH COLLINS (EISENBERG) v. THE ESTATE
OF HARVEY L. COLLINS

**Appeal from the Circuit Court for Knox County**
**No. C-5708      Bill Swann, Judge**

_____

**No. E2012-00079-COA-R3-CV-FILED-NOVEMBER 19, 2012**

_____

This is an action to collect child support ordered in the parties' 1965 divorce decree.  The Trial Court held that the ten year statute of limitations contained in Tenn. Code Ann. § 28-3-110(2) acted as a bar to this action and dismissed the case.  Anna Ruth Collins (Eisenberg) appeals to this Court.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Scott B. Hahn and Judith A. DePrisco, Knoxville, Tennessee, for the appellant, Anna Ruth Collins (Eisenberg).

Larry C. Vaughan, Knoxville, Tennessee, for the appellee, the Estate of Harvey L. Collins.

**OPINION**

**Background**

Anna Ruth Collins (Eisenberg) ("Mother") and Harvey L. Collins ("Father") were divorced by a divorce decree entered in 1965.  Pursuant to the divorce decree, Father was ordered to pay $40 per week in child support.  Mother filed an action in 1970 attempting to collect child support, but the case was dismissed because Father could not be found and served in Ohio.

On February 9, 2011 Mother filed this action, a Petition for Child Support Judgment, against the Estate of Harvey L. Collins ("Father's Estate"). Mother's petition alleged, in part, that Father never paid child support, that the parties' youngest child finished high school in 1979, and that Father had died owning real property and a stock account worth approximately $400,000. Mother's petition sought a judgment against Father's Estate for unpaid child support in the amount of $1,636,469.37. Father's Estate filed a motion for summary judgment raising, among other things, a statute of limitations defense.

After a hearing[1], the Trial Court entered its order on December 13, 2011 granting Father's Estate summary judgment after finding and holding "that the instant litigation was barred by the applicable statute of limitations as of 1989." Mother appeals.

## **Discussion**

Although not stated exactly as such, Mother raises one issue on appeal: whether Tenn. Code Ann. § 36-5-103(g) can be applied retroactively so that the ten year statute of limitations contained in Tenn. Code Ann. § 28-3-110(2) does not apply to the child support matter involved in this case. Resolution of a statute of limitations issue involves statutory interpretation. Construction of a statute and its application to the facts is an issue of law and, therefore, our standard of review is *de novo* without any presumption of correctness given to the Trial Court's conclusions of law. *Lavin v. Jordan*, 16 S.W.3d 362, 364 (Tenn. 2000).

Mother argues in her brief on appeal that "[b]ecause the legislature has systematically amended statutes that foreclosed efforts to collect child support, Appellant Mother now seeks a ruling from this Court providing that the statute of limitations at Tenn. Code Ann. § 28-3-110(2), does not apply to case [sic] where judgments for past due child support are sought, in order to clarify and settle this issue." In support of this argument, Mother relies, in part, upon *Rutledge v. Barrett*, 802 S.W.2d 604 (Tenn. 1991); *Jordan v. Jordan*, 147 S.W.3d 255 (Tenn. Ct. App. 2004); *Sandidge v. Brown*, No. 03A01-9104-CV-142, 1991 Tenn. App. LEXIS 709 (Tenn. Ct. App. Sept. 3, 1991), *no appl. perm. appeal filed*; *Attaway v. Attaway*, No. E2000-01338-COA-R3-CV, 2001 Tenn. App. LEXIS 253 (Tenn. Ct. App. April 16, 2001), *appl. perm. appeal denied Sept. 17, 2001*; and *Deck v. Parrish*, 1984 Tenn. App. LEXIS 3136 (Tenn. Ct. App. Aug. 29, 1984), *no appl. perm. appeal filed*.

---

[1] The case was first heard by a Magistrate and a Memorandum Opinion was entered finding that the ten year statute of limitations did not apply to child support cases. The Magistrate's opinion then was appealed to the Circuit Court. The appeal now before us is from the decision of the Circuit Court.

These cases relied upon by Mother are distinguishable from the case now before us on appeal. In the three more recent of the cases upon which Mother relies, i.e., *Rutledge v. Barrett*, *Attaway v. Attaway*, and *Jordan v. Jordan*, the courts apparently did not have before them the specific issue now before us of whether Tenn. Code Ann. § 36-5-103(g) can be retroactively applied so that the ten year statute of limitations contained in Tenn. Code Ann. § 28-3-110(2) does not apply. This issue was not directly addressed by the courts in those cases. As such, these cases are not controlling with regard to the issue now before us. As for *Sandidge v. Brown*, and *Deck v. Parrish*, we disagree with their reasoning and instead agree with the reasoning in a series of cases relied upon by Father's Estate, as will be discussed more fully below. Furthermore, as this Court stated in *State of Tennessee ex rel. Mitchell v. Johnson*:

> As an earlier statement implies, there are some cases indicating that child support orders are not subject to a statute of limitations.[2] However, as this court explained in *Rodakis v. Byrd*, 1992 Tenn. App. LEXIS 876, No. 03A01-9206-GS-00202, 1992 WL 301312, at *2 (Tenn. Ct. App. Oct. 23, 1992) (no Tenn. R. App. P. 11 application filed):
>
> > We have no quarrel with the result reached in the prior cases. We do believe, however, that each of the cases must be limited to its own circumstances. In each of the prior cases, the defaulting parent sought to avoid payment of only that portion of a judgment that accrued more than ten years before the action was brought to enforce the judgment. The distinguishing feature of this case is the failure of the custodial parent to bring an action to enforce the judgment until more than fourteen years had elapsed after the final payment under the judgment was due. We find this difference to be significant.

---

[2] A careful review of those cases, *see* footnote 4, indicates that they stand for the proposition that a defaulting obligor parent cannot assert the ten year statute of limitations to prevent enforcement of that portion of a child support obligation that was due more than ten years prior to the petition for enforcement. None involved an attempt to enforce a child support order more than ten years after the covered child reached the age of majority. *See also Basham v. Basham*, 1994 Tenn. App. LEXIS 401, No. 01-A-01-9402-GS-00047, 1994 WL 388281 (Tenn. Ct. App. Jul. 27, 1994) (no Tenn. R. App. P. 11 application filed) (holding that the reasoning of *Rodakis v. Byrd*, 1992 Tenn. App. LEXIS 876, No. 03A01-9206-GS-00202, 1992 WL 301312 (Tenn. Ct. App. Oct. 23, 1992) (no Tenn. R. App. P. 11 application filed), did not apply because the parent in *Basham* was not relieved of payments until after the date the petition was filed).

*State of Tennessee ex rel. Mitchell v. Johnson*, No. M2002-00231-COA-R3-CV, 2003 Tenn. App. LEXIS 711, at \*\*12-13 (Tenn. Ct. App. Oct. 2, 2003), *no appl. perm. appeal filed* (footnote in original but renumbered).

This Court addressed the same issue now before us in *Frye v. Frye* wherein we stated:

Tenn. Code Ann. § 28-3-110(2) provides a ten year statute of limitations for "[a]ctions on judgments and decrees of courts of record of this or any other state or government." This Court has pointed out that "absent a clear legislative mandate, child support judgments are subject to the defense of the statute of limitations as is 'any other judgment'". *In re Estate of Meader*, 1997 WL 672205 at \*2, No. 03A01-9707-CH-00252 (Tenn. Ct. App. Oct. 30, 1997). In *Anderson v. Harrison*, 1999 WL 5057 at \*3, No. 02A01-9805-GS-00132 (Tenn. Ct. App. Jan. 7, 1999), it was further stated that recent decisions have demonstrated a "growing acceptance" that the ten year statute of limitations applies to orders for child support. As discussed, *infra*, effective July 1, 1997, the legislature added Tenn. Code Ann. § 36-5-103(g), which provides that judgments for child support are enforceable "without limitation as to time." Because the relevant events in the present case occurred prior to the effective date of Tenn. Code Ann. § 36-5-103(g), we hold that the ten year statute of limitations contained in Tenn. Code. Ann. § 28-3-110(2) applies to the present action to enforce these two judgments.

When the statute of limitations period begins to run depends on whether the child support arrearages have been reduced to judgment for a sum certain. If a party is seeking to enforce an ongoing order for child support and the arrearages have not been reduced to judgment for a sum certain, then the statute begins ro run when the last child support payment is supposed to have been made, which typically is when the child reaches the age of majority. *See In re Estate of Meader, supra*. In those cases where the arrearages for child support have been reduced to judgment for a sum certain, the custodial parent is required to bring the action for enforcement within ten years of obtaining the judgment. *Anderson v. Harrison*, 1999 WL 5057 at \*3 (citing *Vaughn v. Vaughn*, 1988 WL 68062 at \*4 (Tenn. Ct. App. July 1, 1988)). This distinction was recently addressed by the Middle Section of this Court in *County of San Mateo, California v. Green*, 2001 WL 120729, No. M1999-00112-COA-R3-CV (Tenn. Ct. App. Feb. 14, 2001). The *San Mateo* Court held that an action to enforce a judgment for public assistance paid by the County of San Mateo was not timely filed because it was brought more than ten years after the

-4-

judgment was entered. The Court also discussed the distinction "between arrearages which had been reduced to a judgment and later failures to pay child support pursuant to an ongoing obligation." *Id*. at *2 (citations omitted). Since the present case involves Plaintiff's attempt to enforce two judgments for a sum certain rather than child support pursuant to an ongoing obligation, we conclude that the ten year statute of limitations period for each judgment began to run when the judgments were entered, which was May 20, 1985, and January 22, 1986. Accordingly, these ten year statute of limitations periods ran on May 20, 1995, and January 22, 1996, respectively. The present action was filed on July 14, 1999, and was, therefore, untimely.

Plaintiff argues that the July 1, 1997, addition of Tenn. Code Ann. § 36-5-103(g) is applicable to this case and therefore saves his lawsuit. We disagree. This amendment provides that "Judgments for child support payments for each child subject to the order for child support pursuant to this part shall be enforceable without limitation as to time." Defendant argues that the statute of limitations expired before this amendment took effect and he, therefore, had a vested right in the expiration of these claims. This very issue was discussed by the Court in *San Mateo, supra,* which concluded that the passage of Tenn. Code Ann. § 36-5-103(g) cannot be applied retroactively to revive a claim which expired prior to the effective date of the statutory amendment. In reaching this conclusion, the *San Mateo* Court stated:

> San Mateo argues, however, that a 1997 legislative amendment to the child support statutes should be applied to this case. . . . This statutory amendment was enacted after San Mateo had lost its ability to enforce the judgment against Mr. Green under either California or Tennessee law. Mr. Green argues that it cannot be applied retroactively so as to resuscitate a claim that had expired under existing law. We agree that even if Tenn. Code Ann. § 36-5-103(g) can be interpreted as an amendment to Tenn. Code Ann. § 28-3-110(2), where arrearage on a child support obligation has been reduced to a judgment, it cannot be applied retroactively to the 1983 judgment.
>
> Our Supreme Court has discussed the effect of retroactive legislation as follows:
>
>> Article I, section 20 of the Tennessee Constitution provides that "no retrospective law,

-5-

or law impairing the obligations of contracts, shall be made." We have construed this provision as prohibiting laws "which take away or impair vested rights acquired under existing laws or create a new obligation, impose a new duty, or attach a new disability in respect of transactions or considerations already passed." A "vested right," although difficult to define with precision, is one "which it is proper for the state to recognize and protect and of which [an] individual could not be deprived arbitrarily without injustice."

In considering whether a statute impairs a vested right under article I, section 20, we frequently have observed that statutes which are procedural or remedial in nature may be applied retrospectively. In general, a statute is procedural "if it defines the . . . proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right." A statute is remedial if it provides the means by which a cause of action may be effectuated, wrongs addressed, and relief obtained. We have clarified, however, that even a procedural or remedial statute may not be applied retrospectively if it impairs a vested right or contractual obligation in violation of article I, section 20.

*Doe v. Sundquist*, 2 S.W.3d 919, 923-24 (Tenn. 1999).

The Tennessee Constitution's prohibition on retrospective laws includes enactments which "take away or impair vested rights acquired under existing laws." *Morris v. Gross*, 572 S.W.2d 902, 907 (Tenn. 1978). A defendant has a vested right in a statute of limitation once the statutory limitation period has run without action by the plaintiff. *See Ford Motor Co. v. Moulton*, 511 S.W.2d 690, 697 (Tenn. 1974). "[I]n Tennessee a defendant has a vested right in a statute of limitations defense if the cause of action has accrued and the

time allotted has expired." *Wyatt v. A-Best Products Co., Inc.*, 924 S.W.2d 98, 104 (Tenn. Ct. App. 1995). Thus,

> when a cause of action is barred by a statute of limitation, in force at the time the right to sue arose, and until the time of limitation expired, . . . the right to rely upon the statute as a defense is a vested right that cannot be disturbed by subsequent legislation.

*Id*. at 103 (citations omitted).

*San Mateo*, 2001 WL 120729 at *3.

We agree with the rationale and conclusion reached by this Court in *San Mateo* on this issue, and hold that the enactment of Tenn. Code Ann. § 36-5-103(g) cannot operate retroactively to revive Plaintiff's otherwise expired judgment for a sum certain for attorney fees taxed as child support.

*Frye v. Frye*, E2000-02123-COA-R3-CV, 2001 Tenn. App. LEXIS 529, at **5-12 (Tenn. Ct. App. July 24, 2001) (footnote omitted), *no appl. perm. appeal filed*.

This Court also pointed out in *State of Tennessee ex rel. Hadley-Redd v. Hadley*:

The plain language of the statute[3] indicates that the legislature intended, just as the Court in [*In re: Estate of Meader*, No. 03A01-9707-CH-00252, 1997 Tenn. App. LEXIS 750, at *5 (Tenn. Ct. App. Oct. 30, 1997), *no appl. perm appeal filed*] stated, that child support judgments are subject to the same defense of the statute of limitations as any other judgment. We also believe that our conclusion is fortified by the legislature's subsequent action in eliminating the statute of limitations for child support obligations. It is apparent to this Court that the legislature recognized that its effort, by virtue of T.C.A. § 36-5-101 (a)(5) to expedite and improve efforts to assure responsibility for child support obligations, could lead to an untoward result; therefore, the 1997 legislation resulting in T.C.A. § 36-5-103 (g) was passed.

---

[3]The Court was discussing Tenn. Code Ann. § 36-5-101(a)(5).

*State of Tennessee ex rel. Hadley-Redd v. Hadley*, No. W2002-00458-COA-R3-CV, 2004 Tenn. App. LEXIS 123, at *14-15 (Tenn. Ct. App. Feb. 23, 2004), *no appl. perm appeal filed*.

In the case now before us, the last child support payment should have been made in 1979. Thus, the ten year statute of limitations contained in Tenn. Code Ann. § 28-3-110(2) would have run by 1989, well before the enactment of Tenn. Code Ann. § 36-5-103(g) in 1997. As such, Mother's claim expired in 1989 and could not be retroactively revived by Tenn. Code Ann. § 36-5-103(g). Given all of the above, we hold that the Trial Court did not err in granting Father's Estate summary judgment and dismissing the case.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Anna Ruth Collins (Eisenberg), and her surety.

_____
D. MICHAEL SWINEY, JUDGE